**Lillian HOWELL, Appellant**

v.

**T S COMMUNICATIONS, INC., Appellee.**

No. 05–03–00375–CV.

Court of Appeals of Texas, Dallas.

March 30, 2004.

---

Lawrence W. Jackson, Nichols, Jackson, Dillard, Hager & Smith, Dallas, for Appellant.

Rebecca E. Bell, Brett A. Smith, Fee, Smith, Sharp & Vitullo, L.L.P., Dallas, for Appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WRIGHT.

Lillian Howell appeals the summary judgments granted in favor of T S Communications, Inc. In three issues, appellant generally contends the trial court erred by granting summary judgment because there are certain fact issues that preclude summary judgment, and the trial court erred by concluding as a matter of law she could not recover under her theories of third-party beneficiary and joint enterprise liability. We reverse, in part, and remand for further proceedings.

## Background

Appellant contacted TCI Cablevision of Dallas, Inc. and ordered cable television service for her house. At the time, TCI had entered into an agreement with Almar Realty Company for the installation of cable services. Almar Realty subcontracted the installation work to appellee, who in turn subcontracted the installation work to Jon Scott Chiesl, II. Chiesl and his employee, Todd Barnes, came to appellant's home to install the cable television. During the installation work, appellant was injured when she fell through the opening to the crawl space under her home.

Appellant sued appellee, alleging it was negligent in exercising control over Chiesl.[1] Appellee filed its first motion for summary judgment, alleging it was entitled to judgment as a matter of law because Chiesl was an independent contractor and, thus, it was not liable for Chiesl's actions. Before the trial court granted appellee's motion, appellant amended her petition adding allegations that (1) she was a third party beneficiary to the contract between appellee and Chiesl, and (2)

Chiesl and appellee were engaged in a joint enterprise making appellee vicariously liable for Chiesl's actions. Appellee then filed a second motion for summary judgment addressing those claims. The trial court later granted both motions for summary judgment, and this appeal followed.

## Discussion

On appeal, appellant challenges the trial court's determination that she was not a third-party beneficiary to the contract between appellee and Chiesl and her theory of joint enterprise liability. Thus, we limit our discussion to those two issues.

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). The standards for reviewing a motion for summary judgment pursuant to rule 166a(c) are well-established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam). We take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *Id.* at 23–24. To establish it is entitled to summary judgment a defendant must either disprove an element of the plaintiff's case or prove an affirmative defense. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991).

---

1. Appellant also sued TCI, Chiesl, and Barnes. However, after appellee obtained summary judgment, the causes of action against appellee were severed. Thus, the causes of action against TCI, Chiesl, and Barnes are not the subject of this appeal.

With these standards in mind, we begin our discussion with appellant's allegation that she is a third-party beneficiary to the contract between appellee and Chiesl. To recover as a third-party beneficiary, appellant must show that she is either a donee or creditor beneficiary of, and not one who is benefitted only incidentally by the performance of, the contract. *MCI Telecommunications Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). In determining whether appellant can enforce the contract between appellee and Chisel, the intention of the contracting parties is controlling. *Id.* We make such a determination by examining the entire agreement. *Id.* at 652. We look for a clear indication in the contract that appellee and Chisel intended to confer a direct benefit to appellant. *See id.*

In support of its motion for summary judgment, appellee relied, in part, on the contract between appellee and Chiesl. The contract was authenticated by the affidavit of Alan Schwartz. In his affidavit, Schwartz testified that attached was "a true and correct copy of the Contract between [appellee] and Chiesl defining the relationship between these two parties and authenticated by this affidavit." In paragraph 12, the contract provides that Chiesl "shall provide the insurance coverages specified in the 'Insurance Addendum' attached to this Agreement, the terms of which are incorporated herein by reference." The summary judgment evidence does not, however, contain an insurance addendum to the contract between appellee and Chisel. Consequently, there is a fact issue regarding whether there is such an addendum and, if so, the terms contained within it. Because the terms of the agreement between appellee and Chisel have not been established as a matter of law, we are unable to examine the agreement looking for a clear indication that appellee and Chisel intended to confer a direct benefit to appellant. Without making such an examination, we cannot conclude that appellee met its burden as movant for summary judgment pursuant to rule 166a(c) to establish as a matter of law that appellant was not a third party beneficiary to the contract between appellee and Chiesl. Thus, we conclude there is an issue of material fact precluding summary judgment on that issue, and the trial court erred by concluding otherwise. We sustain appellant's second issue. Having done so, we need not address appellant's first issue.

In her third issue, appellant contends the trial court erred by concluding that appellee and Chiesl were not operating as a joint enterprise. Under this point, appellant does not cite to the record and cites to a single case. Appellant does nothing more than conclude that, because Chiesl was responsible for carrying his own liability insurance, he somehow became the "agent of the other half of the enterprise." Appellant does not offer any legal analysis or discussion regarding joint enterprise liability and fails to adequately explain how it applies in this case. Appellant has failed to provide us with argument that is sufficient to make her appellate complaint viable. *See McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied); *Favaloro v. Comm'n for Lawyer Discipline,* 13 S.W.3d 831, 840 (Tex.App.-Dallas 2000, no pet.); *Happy Harbor Methodist Home, Inc. v. Cowins,* 903 S.W.2d 884, 886 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive point of error due to inadequate briefing). By failing to adequately brief her complaint, appellant has waived this issue on appeal. We overrule appellant's third issue.

We reverse the trial court's summary judgment with respect to appellant's claim that she is a third-party beneficiary to the contract between appellee and Chiesl and remand for further proceedings consistent with this opinion. In all other respects, we affirm the trial court's summary judgments.