Lillian HOWELL, Appellant

v.

TS COMMUNICATIONS, INC., Appellee.

No. 05–05–00978–CV.

Court of Appeals of Texas, Dallas.

Dec. 19, 2006.

Lawrence W. Jackson, Nichols, Jackson, Dillard, Hager & Smith, Dallas, for Appellant.

Brett A. Smith, Fee, Smith, Sharp & Vitullo, LLP, Dallas, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

Lillian Howell appeals the trial court's Order Granting Defendant's Fourth Motion for Summary Judgment (the "Order") in favor of TS Communications, Inc. For the reasons discussed below, we affirm the Order.

### BACKGROUND

Howell ordered cable television services from TCI Cablevision of Dallas, Inc. TCI Cablevision subcontracted installation of Howell's services to Almar Realty. Almar Realty, in turn, subcontracted installation to TS Communications. And, finally, TS Communications subcontracted installations to Jon Scott Chiesl, in the contract that is the subject of Howell's claim against TS Communication (the "Contract"). The Contract included an insurance addendum (the "Addendum"), which required Chiesl to provide TS Communications with proof of general liability insurance covering personal injury incurred during installation projects. The Addendum went on to state that if Chiesl did not provide proof of general liability insurance, then TS Communications would add Chiesl to its own policy and deduct the premiums from Chiesl's pay. Despite the Addendum's directives, Chiesl did not procure general liability insurance, and TS Communications did not add Chiesl to its policy.

On August 20, 1999, Chiesl and his employee, Todd Barnes, went to Howell's home to install cable services. The floor in Howell's bedroom closet contained an access to the crawl space under the house. Barnes opened that access, pulled the cable from under the house and connected it inside. Barnes then went outside to perform the outside connection. On his way out, he stated he was finished working in the bedroom. Howell then began vacuuming in the bedroom to clean up dirt tracked in from under the house. The lights went out while she was vacuuming. Thinking a circuit breaker had been tripped, Howell walked in the dark to the bedroom closet, where the breaker box was located. She fell through the opening in the floor and was severely injured.

In July 2001, Howell sued TCI Cablevision, TS Communications, Chiesl, and Barnes. Two claims are relevant to this appeal: Howell alleged negligence on the part of Chiesl and—assuming the role of third-party beneficiary—breach of the Contract by TS Communications. In May 2002, Howell non-suited Chiesl, who had filed bankruptcy.

Through the pendency of Howell's suit, TS Communications filed a series of summary judgment motions. Its second motion argued that Howell was not, as a matter of law, a third-party beneficiary of its Contract with Chiesl. The trial court granted the second motion and severed Howell's claim against TS Communications; Howell appealed. This Court reversed. *See Howell v. TS Communications, Inc.*, 130 S.W.3d 515 (Tex.App.-Dallas 2004, no pet.). We did not decide the third-party-beneficiary issue, but reversed because the Addendum to the Contract—on which Howell's beneficiary status was purportedly based—was not included in the summary judgment record, leaving a fact issue to be resolved. *Id.* at 518. On remand, TS Communications filed a third motion for summary judgment, which was denied.

Finally, TS Communications filed Defendant TS Communications, Inc.'s Fourth Motion for Summary Judgment (the "Motion"), which is the subject of this appeal. In this Motion, TS Communications assumed, for purposes of the summary judgment proceedings only, that Howell *was* a third-party beneficiary of the Contract and its Addendum. The Motion argued that even if TS Communication had added Chiesl to its policy, Howell could not have collected on that policy because she had not obtained a judgment against Chiesl, a prerequisite to suing the insurer directly. Moreover, TS Communications argued, Howell could never obtain such a judgment because limitations had now run on her claim against Chiesl. Thus, according to TS Communications, Howell could never establish that TS Communications' failure to provide a policy under which Howell could be made whole could have been the legal cause of any injury to Howell. The trial court granted the Motion. Once again, Howell appeals.

## STANDARD OF REVIEW

■ The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of

the nonmovant. *Nixon,* 690 S.W.2d at 548–49. A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979).

## PROVING CAUSATION

Howell raises three issues on appeal. These issues, like the Motion they challenge, presume Howell's third-party-beneficiary status. We shall do likewise for purposes of the appeal.

### *Recovery Sought By Howell*

Each of Howell's three issues is initially predicated on the assertion that, in her role as third-party beneficiary, she "is not seeking recovery of any liability insurance proceeds, but is seeking only contractual damages from TS Communications." Howell's point is correct. The very premise of her suit against TS Communications is that a responsive liability policy should exist, but does not. Howell could not reasonably be seeking to collect directly on a non-existent policy.

However, this predicate argument is not sufficient to defeat the Motion. Although we agree that Howell seeks contractual damages from TS Communications and not recovery from an insurance policy, Howell must still prove that the absence of an insurance policy caused her damages. Stated differently, she must establish that but for TS Communications' breach, she would have had a successful claim on a general liability policy. Thus, at trial, Howell would have to prove that if such a policy had existed, she could have made a

successful claim on the policy. This point lies at the heart of the Motion.

### *Establishing a Claim Against an Insurer*

Following the predicate language that she is a third-party beneficiary, and that she seeks only contractual damages, Howell sets forth these three issues for consideration on appeal:

(1) is Ms. Howell, as a matter of law, precluded from proving up her contractual damages by not having obtained a prior judgment against Chiesl?

(2) is Ms. Howell, as a matter of law, required to meet a condition precedent for recovering liability insurance proceeds? and

(3) may Ms. Howell show as one of her required elements for her breach of contract claim, the fact that TS Communications' breach of the contract caused her contractual injury?

Under her first issue, Howell argues she should be able "to prove up her damages in this case against TS Communications in the same manner as she could have done against Mr. Chiesl had he defaulted instead of filing bankruptcy." However, Howell's posture in this suit is nothing like a plaintiff in a default proceeding. When a defendant defaults: (1) he remains a party; (2) liability is admitted by virtue of the default; and (3) a judgment for proved-up damages is entered against the defaulting defendant. In Howell's case, she has dismissed Chiesl, the defendant whose conduct is directly at issue, so a judgment cannot be entered against him. Without a judgment, Howell cannot establish that Chiesl was responsible for her personal injuries. And if she cannot establish that Chiesl was responsi-

ble for her personal injuries, then she would have had no claim against Chiesl's insurer. *See State Farm County Mut. Ins. Co. of Texas v. Ollis,* 768 S.W.2d 722, 723 (Tex.1989). In the absence of any possibility of a binding finding of liability, proving up Howell's damages would be meaningless.

In her second issue, Howell argues she should not have to meet a condition precedent to recovery of liability insurance proceeds, when she is seeking damages rather than a recovery under a policy. The requirement of a judgment against the insured is treated as a condition precedent in a suit by a third party against the insurer. *See Great Am. Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex. 1969) (third party's right against insurer does not arise until he has secured judgment against insured).[1] In this case, however, a judgment establishing Chiesl's liability for Howell's injuries is not operating as a condition precedent to recovery under a policy. It is, instead, operating as proof that TS Communications' failure to obtain insurance on Chiesl's behalf was the legal cause of Howell's injury. Howell cannot be excused from proving causation, which she acknowledges is an element of her cause of action.

Finally, in her third issue, Howell purports to address the element of causation. She asks whether she may show that TS Communications' breach of the Contract caused her injury. Of course she may do so; to prevail, she must do so. The Motion, however, argues that she *cannot* do so. In response, Howell's argument under this point does no more than assert that she was injured and that TS Communication failed to carry Chiesl on its general liability policy. These are significant facts, but the Motion challenges whether Howell can make a causal connection between the two. Howell states:

> This is the breach of the contract duty TS Communications assumed under the contract that would have provided an insurance company to respond. It is without question that if Chiesl had been carried on TS Communications' general liability policy there would have been an insurance company to respond to her claim against Chiesl and if such had occurred there would be no need for her third-party beneficiary contract claim against TS Communications.

This kind of bare assertion that—but for TS Communications' breach—"there would have been an insurance company to respond to her claim against Chiesl" does not address the ultimate question: would Howell have prevailed on a claim against that insurance company? If not, then the absence of the insurance company or its policy did not cause her harm.

In the end, we conclude the two-step Motion successfully negates Howell's ability to prove that TS Communications' breach of the Contract was the legal cause of her damages. First, Texas law would have required Howell's claim against Chiesl to be reduced to judgment before an insurer would have any obligation to pay on the claim. *See Ollis,* 768 S.W.2d at 723. Second, Howell has no judgment against Chiesel and—because any claim is now barred by limitations—could not obtain such a judgment in the future. Howell's issues do not present a viable legal

---

1. The single exception we find to the requirement of a judgment is a written agreement of the insured, the third party, and the insurer. *See id.* No party has suggested such an agreement exists in Howell's case.

argument to the contrary and do not identify a fact issue to be resolved on this element of causation. Accordingly, we conclude the trial court correctly granted summary judgment in favor of TS Communications on that ground. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678–79 (defendant entitled to summary judgment when it disproves one element of plaintiff's theory of recovery).[2]

### CONCLUSION

We have decided Howell's issues against her. We affirm the trial court's Order Granting Defendant's Fourth Motion for Summary Judgment.

---

**2.** Both parties address Howell's third-party-beneficiary status in their briefs. Because we have resolved this appeal on the basis of the Motion, which presumed that Howell was a third-party beneficiary, we need not address the status question itself.