**AFFIRMED; Opinion Filed February 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00618-CV

### CHARLES MITCHELL, Appellant
### V.
### RUTH HOUSTON, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-14792**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

In a pro se lawsuit filed against his sister, appellant Charles Mitchell asserted that appellee Ruth Houston had unlawfully dispossessed him of his real and personal property with an invalid power of attorney. After receiving an adverse judgment, appellant filed a pro se appeal raising three issues: (1) the durable power of attorney is not legally enforceable; (2) appellant was deprived of his liberty, property, and privileges in violation of the Texas Constitution; and (3) the trial court abused its discretion in excluding the fourth requirement of Section 482 of the Texas Probate Code. We affirm.

### BACKGROUND

In his pleadings, appellant alleged that he resided with his mother, Mrs. Albert Mitchell, at her home. In July 2009, Mrs. Mitchell was hospitalized and subsequently placed in a nursing

home. Mrs. Mitchell was later diagnosed with dementia and Alzheimer's Disease. When appellant was released from jail, he wanted to return to his mother's house. Appellee testified that she told appellant's parole officer that he could not go to the house because their mother was in the hospital and she feared he would steal from the house. Appellee also testified that her mother did not want appellant living in her home. Appellant and appellee's father, Charles H. Mitchell, testified that Mrs. Mitchell felt threatened by appellant due to appellant's drug addiction.

Appellee testified that a social worker suggested having Mrs. Mitchell sign a power of attorney. Appellee testified that Mrs. Mitchell initialed the power of attorney and appellee had the form notarized. The power of attorney dated September 30, 2009, granted a general power of attorney to appellee. Appellee further testified that she used the power of attorney to access her mother's bank accounts to pay her mother's bills while Mrs. Mitchell was in the nursing home.

In October 2009, an altercation occurred at Mrs. Mitchell's residence between appellant, appellee, and appellee's son, Christopher Houston. Appellant armed himself with a hatchet and a knife and told Houston and appellee to get out of his yard. Appellant was arrested, convicted of aggravated assault, and sentenced to seven years' imprisonment as a result of this altercation.

On November 21, 2011, appellant filed a lawsuit against appellee and Christopher Houston. Following a bench trial, the trial court entered a judgment in favor of defendants. Appellant then filed this appeal.

## ANALYSIS

### A. Appellant Failed to Preserve His Argument Regarding the Durable Power of Attorney

Appellant argues that Mrs. Mitchell's durable power of attorney was not valid because it did not fulfill the requirements of a durable power of attorney. Specifically, appellant argues that the document was not acknowledged by the principal before an officer authorized to take

acknowledgements for deeds of conveyance. This argument, however, was not made during trial and is raised for the first time on appeal. As appellant did not offer any evidence or argument regarding signature before a notary at trial, he has failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1; *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 681 (Tex. 2000) (merger clause defense to seller's fraud claim not preserved for failure to assert it in trial court). Accordingly, we resolve this issue against appellant.

**B.    Appellant Waived His Argument Regarding Violation of His Constitutional Rights**

Appellant also argues that he was deprived of his property in violation of section 19 of the Texas Constitution. We start with the admonition that an appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue. *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.). Inadequate briefing results in waiver of the complaint. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 644 (Tex. App.—Dallas 2013, no pet.). Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez*, 418 S.W.3d at 784 ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention."). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

The entire argument for this issue consists of six sentences without reference to any case law. Appellant does not offer any legal analysis or discussion regarding this supposed

constitutional violation. Appellant has failed to provide us with argument that is sufficient to make his appellate complaint viable. *See Howell v. T S Commc'ns, Inc.*, 130 S.W.3d 515, 518 (Tex. App.—Dallas 2004, no pet.). Appellant's failure to adequately brief this issue results in waiver of this complaint on appeal. *See* TEX. R. APP. P. 38.1(h); *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) ("The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record."); *In re N.E.B.*, 251 S.W.3d at 212 ("When a party fails to adequately brief a complaint, he waives the issue on appeal."); *Gonzalez*, 418 S.W.3d at 783 ("The failure to provide appropriate record citations or a substantive analysis waives an appellate issue."). For these reasons, we resolve this issue against appellant.

## C.      The Trial Court Did Not Abuse its Discretion

In his last issue, appellant argues that the trial court abused its discretion by holding that the durable power of attorney was enforceable when the document was not signed by Mrs. Mitchell before a notary. As noted above, however, appellant did not raise this argument before the trial court and failed to preserve such argument on appeal. As such, appellant cannot backdoor an argument through abuse of discretion when the argument fails on its face for the reasons discussed above. Accordingly, we resolve this issue against appellant.

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.


/ David Evans/
130618F.P05                    DAVID EVANS
                               JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES MITCHELL, Appellant

No. 05-13-00618-CV      V.

RUTH HOUSTON, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-14792.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RUTH HOUSTON recover her costs of this appeal from appellant CHARLES MITCHELL.

Judgment entered this 10th day of February, 2015.