Kent BROWN, Appellant,

v.

Barrett Keith BROWN, Sanders, O'Hanlon & Motley, P.L.L.C., Roger D. Sanders, James A Fry, P.C., and James A. Fry, Individually, John W. Ellis, Jr., Hill, Ellis, Hill & Shea, and J. Kermit Hill, Appellees.

No. 05–03–00873–CV.

Court of Appeals of Texas, Dallas.

Aug. 30, 2004.

David C. Musslewhite, Fruitvale, for Appellant.

Jason L. Butscher, Brown & Butscher, L.L.P., John D. Hill and J. Kermit Hill, Hill, Ellis, Walker, Hill & Shea, Benjamin Baker, Benjamin A. Baker, P.C., Luke Motley, IV, Sherman, for Appellees.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

Kent Brown appeals the take-nothing summary judgment in his legal malpractice suit rendered in favor of Barrett Keith Brown; Roger D. Sanders and Sanders, O'Hanlon & Motley, P.L.L.C.; James A. Fry and James A Fry, P.C.; and John W. Ellis, Jr., J. Kermit Hill, and Hill, Ellis, Hill & Shea. Appellant brings fourteen points of error contending the trial court erred (a) in granting appellees' no-evidence motions for summary judgment, (b) in not delaying submission of the motions, and (c) in the court's evidentiary rulings. We affirm the trial court's judgment.

## BACKGROUND

Appellant stated in his affidavit that in March 1998, he hired Barrett Keith Brown in connection with a federal grand jury summons. Appellant had already given Brown a $25,000 retainer on another matter, and he gave Brown an additional $10,000 retainer regarding the summons.

After Brown made a couple of telephone calls, the request for appellant's testimony was dropped. Despite appellant's demand for an accounting regarding the $35,000 in retainers, Brown refused to provide the accounting or to refund any of the money. In May 1998, appellant met with Brown regarding whether appellant should file for divorce, and they discussed appellant and his wife's main asset, Avalon Home Health, Inc. (Avalon). Brown told appellant he would not represent either appellant or his wife in the divorce. A few days later, appellant was served with a petition for divorce, and he learned that Brown represented his wife in the divorce action. Brown continued to represent appellant's wife until mid–1999 when a motion to disqualify was filed and Brown withdrew. Appellant sued Brown for an accounting and for malpractice arising from Brown's conflict of interest in representing appellant's wife in the divorce action.

After being sued for divorce, appellant hired Roger Sanders and the law firm of Sanders, O'Hanlon & Motley, P.L.L.C. to represent him in the divorce. Appellant asked Sanders to file motions for enforcement of the temporary orders to protect appellant's assets and parental rights, but Sanders failed to do so. Appellant terminated Sanders' representation in January 1999, and appellant hired James Fry and James A. Fry, P.C. to represent him. Fry used John Ellis, Kermit Hill, and the law firm of Hill, Ellis, Hill & Shea as co-counsel. Appellant asserted that Fry, Ellis, and Hill failed to obtain and enforce temporary orders to stop appellant's wife from dissipating and destroying the community assets. Appellant eventually agreed to a property settlement agreement that, due to his wife's alleged dissipation of community assets, "result[ed] in a grossly lopsided award of properties and value to Petitioner's wife." Appellant sued Sanders, Fry, Ellis, and Hill and their law firms for malpractice in not filing motions seeking additional temporary orders and for not filing appropriate motions to enforce the existing temporary orders to protect appellant's property and parental rights.

Appellant filed suit on July 2, 2002. Appellees answered the lawsuit promptly and served appellant with discovery requests with their answers. Appellant asserts he answered the requests on October 29, 2002, more than two months late. In March 2003, appellees filed no-evidence motions for summary judgment. Only then did appellant begin to conduct discovery. Appellant filed a response to the summary judgment motions supported by his affidavit and by the affidavit of his expert, Maridell Templeton. Appellees filed replies to appellant's response on the day of the summary judgment hearing, April 11, 2003, and they objected to Templeton's affidavit on several grounds, including that it was conclusory. Ten days later, appellant requested leave to supplement the summary judgment evidence, and he moved for a modification of the discovery timetable. On June 5, 2003, the trial court entered its final order in the case, granting the motions for summary judgment and ruling that appellant take nothing. On June 10, 2003, the trial court held a hearing on appellant's motion to supplement the summary judgment evidence and his motion to enlarge the time for discovery and modify the discovery procedures, and the court took the matters under advisement. On June 17, 2003, the trial court denied the motions.

## STANDARD OF REVIEW

After adequate time for discovery and without presenting summary judgment evidence, a party is permitted by rule of civil procedure 166a(i) to move for summary judgment on the ground that no evidence

supports one or more essential specified elements of an adverse party's claim or defense on which the adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). If the adverse party is unable to produce summary judgment evidence raising a genuine issue of material fact on the challenged elements, the trial court must grant the motion. *Id.*

Appellant's points of error concern the adequacy of appellant's time for discovery before the hearing on the no-evidence motions for summary judgment, the competency and contents of the summary judgment evidence, and whether the summary judgment record supports the trial court's granting appellees' no-evidence motions for summary judgment. We consider appellant's points of error in that order.

## ADEQUACY OF TIME
## FOR DISCOVERY

■ This case proceeded under a Level 2 discovery plan. *See* TEX.R. CIV. P. 190.3. In this case, the discovery period began when appellant filed suit on July 2, 2002 and proceeded until May 19, 2003, which was nine months past the August 19, 2002 due date of the first request for written discovery. *See* TEX.R. CIV. P. 190.3(b)(1)(B)(ii). The trial court heard the motions for summary judgment on April 11, 2003, more than a month before the end of the discovery period.

■ In his seventh point of error, appellant contends the trial court abused its discretion in hearing the no-evidence motions for summary judgment before the end of the discovery period. In his eighth point of error, appellant contends the trial court abused its discretion by finding there had been sufficient time for discovery before the hearing on the no-evidence motions for summary judgment. Ordinarily, a no-evidence motion for summary judgment would not be permitted during the

discovery period. TEX.R. CIV. P. 166a(i) comment—1997. When a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 561 (Tex.App.-Dallas 2003, pet. denied).

On April 21, 2003, ten days after the summary judgment hearing, appellant filed a verified "Motion for Enlargement of Time and Modification of Discovery Procedures." This motion did not request a continuance, and it did not explain the need for further discovery. We conclude appellant has failed to show the trial court abused its discretion by hearing the no-evidence motions for summary judgment before the end of the discovery period or in determining there had been an adequate time for discovery. We overrule appellant's seventh and eighth points of error.

■ In his ninth point of error, appellant contends the trial court erred in denying his "Motion for Enlargement of Time and Modification of Discovery Procedures." In the motion, appellant requested the trial court modify the end of the discovery period under rule 190.3(b)(1)(B)(ii) from May 19, 2003 to July 28, 2003, and modify the date for designating experts from February 18, 2003 to April 28, 2003. *See* TEX.R. CIV. P. 190.5 (trial court must modify discovery control plan "when the interest of justice requires"); TEX.R. CIV. P. 195.2(a) (party requesting affirmative relief must designate experts by ninety days before end of discovery period). Appellant asserts his responses to the first written discovery requests were "technically due" August 19, 2002, but he did not file his responses to the discovery requests until October 29,

2002. Appellant stated he miscalculated the deadlines because he calculated the discovery period from the time he filed his first responses to written discovery instead of "the due date of the first response to written discovery." TEX.R. CIV. P. 190.3(b)(1)(B)(ii). The trial court denied the motion.

Rule 190.5 provides, "The court may modify a discovery control plan at any time and must do so when the interest of justice requires." TEX.R. CIV. P. 190.5. The rule then lists two specific situations when the trial court must allow additional discovery; this case does not fall within either specific situations. *See id.* This cause was pending for more than nine months before appellant filed his motion to modify the discovery period. Appellees promptly filed their discovery requests after service of appellant's lawsuit, and appellant asserts he responded to those requests, albeit late. The record does not show appellant conducted any discovery during the nine months preceding the filing of the motion. Appellant waited five to six weeks after appellees filed their no-evidence motions for summary judgment to file his motion for enlargement of the discovery period. Appellant's motion did not explain what further discovery appellant would seek if the discovery period were increased. We conclude the trial court did not abuse its discretion by denying appellant's motion because, in this situation, "the interest of justice" did not require modification of the discovery period. *See Pape v. Guadalupe–Blanco River Auth.,* 48 S.W.3d 908, 914 (Tex.App.-Austin 2001, pet. denied). We overrule appellant's ninth point of error.

## JUDICIAL NOTICE

In his eleventh point of error, appellant contends the trial court erred in failing to take judicial notice of the documents in appellant's divorce case, Cause No. 98–0845 in the 336th Judicial District Court of Grayson County, Texas. Judicial notice is mandatory when a party requests the court do so and the party supplies the court "with the necessary information." TEX.R. EVID. 201(d). A court may take judicial notice of its own records. *Tschirhart v. Tschirhart,* 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ). Likewise, a court may take judicial notice of the records in another court when it is provided with copies of those records. *Surgitek, Inc. v. Adams,* 955 S.W.2d 884, 889 n. 4 (Tex.App.-Corpus Christi 1997, pet. dism'd by agr.).

In this case, appellant requested the trial court take judicial notice of the records of appellant's divorce proceedings before the 336th Judicial District Court. Appellant made no attempt to bring those records before the trial court until after the trial court had taken appellees' motions for summary judgment under advisement. In support of his argument that he did not have to bring the divorce records to the trial court for judicial notice to be mandatory, appellant relies on *Office of Public Utility Counsel v. Public Utility Commission,* 878 S.W.2d 598 (Tex.1994). In that case, the supreme court held the court of appeals should have taken judicial notice of a published order of the Commission because the order was capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned and because the motion to take judicial notice directed the court of appeals to the publication containing the order. *Id.* at 600; *see* TEX.R. EVID. 201(b). In that case, reference to the publication was sufficient because that reference supplied the court with the necessary information to find a copy of the publication containing the order. *Office of Pub. Util. Counsel,* 878 S.W.2d at 600. That case is distinguishable because, in the case before us, the records at issue are not "published"

anywhere. The records are available, but they must be obtained through the Grayson County District Court Clerk. Unlike the Public Utility Commission order, judicial notice of appellant's divorce records cannot be taken through reference to a publication containing the information. For appellant to have supplied the trial court with the necessary information to take judicial notice of the divorce records, appellant must have presented those records to the trial court. He did not do so. We conclude appellant has not shown the trial court erred in not taking judicial notice of the records of appellant's divorce. We overrule appellant's eleventh point of error.

■ In his tenth point of error, appellant contends, in part, that the trial court erred in denying his motion to supplement the summary judgment evidence with the divorce records. In his motion to supplement the record, filed ten days after the summary judgment hearing, appellant did not merely request permission to include the divorce records in the summary judgment evidence so the trial court could take judicial notice of the records. Instead, appellant asked the trial court to tell him whether he needed to bring forward the divorce records for the trial court to take judicial notice of them, and if the court "believes" they were necessary, then appellant requested permission to supplement the evidence with the records. It is not the trial court's duty to instruct the parties on what procedures are necessary to present evidence. We overrule appellant's tenth point of error to the extent it concerns supplementation of the summary judgment evidence with the divorce records.

### TEMPLETON'S AFFIDAVIT

■ In his sixth point of error, appellant contends appellees waived any objection to Templeton's affidavit being conclusory because they failed to object to the form of the affidavit or move to strike it. Defects in the form of an affidavit must be objected to, and the opposing party must have the opportunity to amend the affidavit. TEX.R. CIV. P. 166a(f). The failure to obtain a ruling on an objection to the form of the affidavit waives the objection. *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex.App.-Dallas 2004, no pet.). Defects in the substance of an affidavit are not waived by the failure to obtain a ruling from the trial court on the objection, and they may be raised for the first time on appeal. *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). An affidavit that is conclusory is substantively defective. *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex.App.-Waco 2003, no pet.); *McMahan*, 108 S.W.3d at 498. Because conclusory affidavits are substantively defective, and substantive defects are not waived by the failure to object, we overrule appellant's sixth point of error.

■ In his fifth point of error, appellant asserts the trial court erred in holding that Templeton's affidavit was conclusory. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Choctaw Props., L.L.C.*, 127 S.W.3d at 242 (quoting *Rodriguez v. Wal–Mart Stores, Inc.*, 52 S.W.3d 814, 823 (Tex.App.-San Antonio 2001), *rev'd on other grounds*, 92 S.W.3d 502 (Tex.2002)). Templeton's affidavit was the only expert testimony purporting to present evidence that appellees breached their duty to appellant while representing him in his divorce, proximate causation from the breach of duty, and damages. An expert's affidavit must be clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and readily controvertible. TEX.R. CIV. P.

166a(c). Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit or served with it. Tex.R. Civ. P. 166a(f).

Templeton stated in her affidavit that she based her conclusions on the facts shown in the records of appellant's divorce case and on appellant's affidavit attached to his response to the motions for summary judgment. Templeton's affidavit makes many references to the divorce records, and she draws her conclusions about appellees' negligence in representing appellant from the divorce records. However, those records were not attached to her affidavit, filed with it, or otherwise included in the summary judgment evidence.

■ Appellees assert that Templeton's failure to attach to the affidavit or serve with it the papers referred to in her affidavit makes her affidavit substantively defective. The courts of appeals are in disagreement about whether this defect is one of form or substance.[1] Although we need not determine in this case whether the failure to attach or serve the referenced papers is always a defect of form or substance, we conclude an affidavit is substantively defective when the absence of the referenced papers from the summary judgment evidence makes the affidavit conclusory. *See Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex.App.-El Paso 1994, writ denied) (lack of referenced medical records leaves court with no way to tell on which entries experts based their opinions, leaving the experts' affidavits substantively defective).

In this case, the lack of the referenced papers, the divorce records, leaves Templeton's affidavit conclusory. Likewise, Templeton's lack of specificity in the affidavit also leaves her affidavit conclusory. For example, Templeton stated that Sanders agreed to temporary orders that were not specific enough to be enforceable because they did not specify what payments appellant's wife was to make to whom or when, what individual was ordered to make payments from Avalon to the parties, and "what the usual and customary duties of the parties regarding Avalon were." Without the divorce records or other evidence showing why appellant's wife or Avalon had to make any payments and why declaration of "the usual and customary duties of the parties regarding

---

1. The Beaumont and the two Houston courts of appeals have declared this defect to be one of form. *See Sunsinger v. Perez*, 16 S.W.3d 496, 501 (Tex.App.-Beaumont 2000, pet. denied); *Mathis v. Bocell*, 982 S.W.2d 52, 60 (Tex.App.-Houston [1st Dist.] 1998, no pet.); *Martin v. Durden*, 965 S.W.2d 562, 565 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). The Texarkana, Amarillo, Fort Worth, and El Paso courts of appeals have determined the defect is one of substance. *See Kleven v. Tex. Dep't of Criminal Justice–Inst. Div.*, 69 S.W.3d 341, 345 (Tex.App.-Texarkana 2002, no pet.); *Natural Gas Clearinghouse v. Midgard Energy Co.*, 23 S.W.3d 372, 379 (Tex.App.-Amarillo 1999, pet. denied); *Gorrell v. Tex. Util. Elec. Co.*, 915 S.W.2d 55, 60 (Tex.App.-Fort Worth 1995), *writ denied*, 954 S.W.2d 767 (Tex.1997) (per curiam); *Rodriquez v. Tex. Farmers Ins. Co.*, 903 S.W.2d 499, 506 (Tex.App.-Amarillo 1995, writ denied); *Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex.App.-El Paso 1994, writ denied). The supreme court and the Austin court of appeals have held that an affidavit lacking the referenced papers cannot support a summary judgment, but those courts did not expressly hold the defect was one of substance and not form. *See Gardner v. Martin*, 162 Tex. 156, 158, 345 S.W.2d 274, 276–77 (1961); *Langdeau v. Dick*, 356 S.W.2d 945, 957 (Tex.Civ.App.-Austin 1962, writ ref'd n.r.e.). In *Gorrell*, the supreme court denied the application for writ of error but stated, "We neither approve nor disapprove of the conclusion of the court of appeals that the failure to attach copies of documents referenced in the affidavit of an expert witness 'constituted a defect in the substance of the affidavit.' " *Gorrell*, 954 S.W.2d at 767 (quoting *Gorrell*, 915 S.W.2d at 60).

Avalon" was necessary, these conclusions have no factual basis. Nor can Templeton's conclusions be readily controverted. The remainder of Templeton's affidavit criticizing appellees' representation of appellant in his divorce is also conclusory because, like the example above, it contains criticisms of the actions or inactions of appellees based on vague references to the divorce records. Without the divorce records, Templeton's conclusions have no factual basis.

Appellant argues Templeton's conclusions do not lack a factual basis because they are based on his affidavit. Appellant's affidavit, however, is also conclusory because it makes statements about appellees' actions and inactions based on the contents of the pleadings, motions, and orders in the divorce records. Without those records, appellant's statements about appellees' actions and inactions in representing him in the divorce have no factual basis and are conclusory.

We conclude Templeton's affidavit is conclusory and is not competent summary judgment evidence on appellant's claims that appellees were negligent in representing appellant in his divorce. We overrule appellant's fifth point of error.

Having concluded that Templeton's affidavit is substantively defective, we need not reach appellant's fourth point of error contending the trial court erred in holding Templeton's affidavit failed to satisfy the "locality rule." TEX.R.APP. P. 47.1.

■ In the remainder of his tenth point of error, appellant contends the trial court erred by denying his motion to supplement the summary judgment evidence with Templeton's supplemental affidavit. Appellant filed his motion to supplement the summary judgment evidence ten days after the hearing on the motion for summary judgment. Like Templeton's first affidavit, the lack of the divorce records

referred to in the supplemental affidavit leaves her conclusions without a factual basis, and the supplemental affidavit is conclusory. A trial court should allow supplementation to cure defects of form. TEX.R. CIV. P. 166a(f); *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex.App.-Houston [1st Dist.] 1992, no writ). However, a trial court need not allow supplementation to cure a substantive defect. *Clendennen v. Williams*, 896 S.W.2d 257, 260 (Tex.App.-Texarkana 1995, no writ) (op. on motion for reh'g); *Ceballos*, 881 S.W.2d at 445. Because Templeton's supplemental affidavit is substantively defective, we conclude the trial court did not err by denying appellant's motion to supplement the summary judgment evidence. We overrule appellant's tenth point of error to the extent it concerns appellant's motion to supplement the summary judgment evidence with Templeton's supplemental affidavit.

## NEGLIGENCE IN REPRESENTING APPELLANT

■ In his first point of error, appellant generally contends the trial court erred in granting appellees' motions for summary judgment. Appellant's second and third points of error contend he presented sufficient evidence to raise a fact question on the elements of causation and damages. A no-evidence motion for summary judgment is essentially a pretrial motion for instructed verdict, and we apply the same standard of review. *See Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); *see also General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). We consider all the evidence in the light most favorable to the adverse party, disregarding all contrary evidence and inferences. *See Sibai v. Wal–Mart Stores, Inc.*, 986

S.W.2d 702, 705 (Tex.App.-Dallas 1999, no pet.); *Moore,* 981 S.W.2d at 269. A no-evidence summary judgment is improper if the adverse party has produced more than a scintilla of probative evidence raising a genuine issue of material fact on each challenged element of a claim or defense. *See Roth v. FFP Operating Partners, L.P.,* 994 S.W.2d 190, 195 (Tex.App.-Amarillo 1999, pet. denied); *Moore,* 981 S.W.2d at 269.

Appellant's only proffered evidence purporting to raise a fact question on appellees' breach of duty in representing him in his divorce, proximate causation from the breach of duty, and damages was Templeton's affidavit. We have concluded that affidavit was substantively defective and provided no evidence to support appellant's claims that appellees were negligent in representing him in the divorce. Because appellant produced no evidence to support his cause of action that appellees were negligent in representing him in his divorce, the trial court did not err in granting appellees' motion for summary judgment on that cause of action. We overrule appellant's second and third points of error.

In his fourteenth point of error, appellant contends that his entering into an agreed property settlement in his divorce did not establish lack of proximate cause or lack of damages. Because of our resolution of appellant's second and third points of error, we need not reach this issue. Tex.R.App. P. 47.1.

### DEMAND FOR ACCOUNTING AND CONFLICT OF INTEREST

■ In his twelfth point of error, appellant contends the trial court erred in granting appellee Brown's motion for summary judgment on appellant's demand for an accounting because no issue regarding this cause of action was raised in Brown's motion for summary judgment. In his thirteenth point of error, appellant contends the trial court erred in granting Brown's motion for summary judgment on appellant's conflict of interest cause of action because the summary judgment evidence raised a fact issue on that cause of action. However, neither of these points of error is discussed in appellant's argument. Accordingly, they are waived on appeal. Tex.R.App. P. 38.1(h); *Howell v. TS Communications, Inc.,* 130 S.W.3d 515, 518 (Tex.App.-Dallas 2004, no pet.); *Warehouse Partners v. Gardner,* 910 S.W.2d 19, 26 (Tex.App.-Dallas 1995, writ denied). We overrule appellant's twelfth and thirteenth points of error.

Having concluded appellant has not shown the trial court erred in granting appellees' motions for summary judgment, we overrule appellant's first point of error.

We affirm the trial court's judgment.