# NO. 12-07-00084-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONNA M. PARRISH,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | | |
| *EAST TEXAS MEDICAL CENTER ATHENS and EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM,* | § | *JUDICIAL DISTRICT COURT OF* |
| *APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Donna M. Parrish appeals from a take nothing judgment entered in her personal injury suit against East Texas Medical Center Athens and East Texas Medical Center Regional Healthcare System. In her sole issue, she contends the trial court erred in failing to reopen the discovery period. We affirm.

### BACKGROUND

Parrish was employed as a nurse by East Texas Medical Center Athens, a hospital that is a part of the East Texas Medical Center Regional Healthcare System (ETMC). Parrish sued ETMC alleging that, due to ETMC's negligence, she suffered personal injuries while working on August 31, 2002. Suit was filed on August 31, 2004 with a Level 2 Discovery Control Plan, which expired on August 11, 2005. Parrish had three surgeries after the close of the discovery period. On June 13, 2006, two weeks before her third postdiscovery phase surgery, Parrish requested an October 23, 2006 trial setting. On October 19, 2006, Parrish moved to reopen the discovery period, continue the trial, and establish a Level 3 Discovery Control Plan because she wanted additional time for discovery

related to her continued medical treatment.

On October 23, the trial court heard argument on Parrish's motion before denying it. The court then sustained forty-four of forty-six evidentiary topics ETMC wanted excluded as described in its motion in limine. The following day, Parrish announced not ready for trial and ETMC announced ready. Both parties waived voir dire and a jury was sworn. Counsel for Parrish explained that he would not present evidence because of "the lack of development of evidence" and because out of state witnesses were not available for trial. Parrish then rested her case. ETMC moved for a directed verdict because there was no evidence that ETMC's negligence proximately caused Parrish's injuries. The trial court granted the motion and entered a take nothing judgment in favor of ETMC.

<h2 style="text-align:center">MOTION TO REOPEN DISCOVERY</h2>

In her sole issue, Parrish contends the trial court erred when it denied her request to reopen the discovery period because the interest of justice required it to be reopened. Relying on Texas Rule of Civil Procedure 190.5(b), she asserts that refusing to reopen the discovery period was error because the three surgeries she had after the close of the discovery period constituted a material change in her medical condition and she needed to do additional discovery regarding those surgeries. She further asserts that she could not designate as expert witnesses the surgeons and other healthcare providers who treated her after the close of the discovery control period.

**Applicable Law**

We review a trial court's ruling on discovery matters for an abuse of discretion. ***Pape v. Guadalupe-Blanco River Auth.***, 48 S.W.3d 908, 912 (Tex. App.–Austin 2001, pet. denied). A trial court abuses its discretion when it acts unreasonably or arbitrarily, without reference to any guiding principles. ***Beaumont Bank, N.A. v. Buller***, 806 S.W.2d 223, 226 (Tex. 1991). A court may modify a discovery control plan at any time and must do so when the interest of justice requires. TEX. R. CIV. P. 190.5. Further, the trial court must allow additional discovery "regarding matters that have changed materially after the discovery cutoff if trial is set or postponed so that the trial date is more than three months after the discovery period ends." ***Id***.

**Discussion**

In her December 6, 2004 response to ETMC's request for disclosure, without disclosing any amount of damages, Parrish stated that she had not made a full determination of the amount of

2

damages and testifying experts had not yet been identified. Her response to a request for medical records and bills stated "there is no information responsive to the request at this time." For each of these requests, she stated that the information requested would be provided in a supplemental response.

In her December 30, 2004 responses to interrogatories, Parrish provided names and addresses of all medical practitioners and facilities involved in her treatment thus far. However, she stated that she had not calculated damages. She again stated she would supplement as information became available.

Parrish was under a duty to supplement her discovery responses "reasonably promptly" after discovery of the need to supplement. *See* TEX. R. CIV. P. 193.5. Supplementing is the appropriate procedure when faced with any new information arising from continuing medical problems. Additional surgeries that allegedly were necessitated by the injury that is the basis of the suit do not constitute "matters that have changed materially after the discovery cutoff date" as contemplated by Rule 190.5. Reopening the discovery period is not necessary for Parrish to provide discovery about these additional surgeries to ETMC. Parrish did not seek additional discovery from ETMC. Further, the suit had been pending for more than two years before it went to trial and Parrish filed her motion to reopen discovery just a few days before trial. Parrish did not show diligence in pursuing her request to reopen the discovery period. *See Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.–Dallas 2004, pet. denied); *Pape*, 48 S.W.3d at 914. The trial court did not abuse its discretion in denying Parrish's motion to reopen the discovery period. We overrule Parrish's sole issue.

## DISPOSITION

Because the trial court did not abuse its discretion in denying Parrish's motion to reopen the discovery period, we *affirm* the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered June 18, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3