# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00571-CV

**Restaurant Enterprises, L.P. d/b/a or f/d/b/a Austin's Pizza, Appellant**

**v.**

**Travelers Indemnity Co., Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-04-279012, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Restaurant Enterprises, L.P. d/b/a or f/d/b/a Austin's Pizza ("Restaurant"), appeals from a summary judgment granted in favor of appellee, Travelers Indemnity Co. ("Travelers"), in a suit on a sworn account. The suit arose from a dispute over the number of "Austin's Pizza" stores that were insured by Travelers. Restaurant claimed that it owed Travelers insurance premiums for only four stores, while Travelers claimed that Restaurant owed premiums for several additional stores. On appeal, Restaurant contends that Travelers failed to prove as a matter of law that: (1) it was entitled to premiums for the additional stores; (2) it was entitled to the specific amount of damages alleged; (3) it conclusively negated Restaurant's counterclaims; and (4) it was entitled to attorney's fees. Because we conclude that Travelers failed to prove that there are no issues of material fact and that it was entitled to summary judgment as a matter of law, we reverse

the trial court's summary judgment and remand this case for further proceedings consistent with this opinion.

## BACKGROUND

In October 1999, Restaurant opened its first "Austin's Pizza" store. Shortly before opening the store, Restaurant's operations manager, Timothy McLaughlin, contacted an insurance agency to obtain insurance for the store. McLaughlin spoke with an agent named John Bustamante, who sold him an insurance policy provided by Travelers. McLaughlin testified in his deposition that Bustamante informed him more than once that Travelers would insure Restaurant for only up to four stores and that McLaughlin would have to seek different insurance if Restaurant expanded beyond four stores. Restaurant opened its fourth store in January 2002 and its fifth store the following June. Shortly after opening its fifth store, Restaurant began looking for a different insurance provider for additional stores it planned to open. McLaughlin testified that Restaurant eventually obtained insurance from insurance providers other than Travelers for the additional stores.

Restaurant continued to expand the number of its stores, so much so that by the time of McLaughlin's deposition in June 2005, Restaurant had opened fourteen "Austin's Pizza" stores and four barbecue stores. Earlier, during Restaurant's continued expansion, Travelers conducted an audit of Restaurant's operations, and based on the number of stores existing at the time, assessed premiums for seven stores in the total amount of $64,806.90. A dispute arose over whether Restaurant owed premiums for more than the initial four stores, and in June 2004, Travelers filed a suit on a sworn account to recover the money. Restaurant filed a counter-suit against Travelers, alleging claims for breach of contract, common-law fraud, negligent misrepresentations, and

2

DTPA violations. Travelers filed a motion for summary judgment, which was granted by the trial court. The trial court awarded damages and attorney's fees. This appeal followed.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. A movant is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and establishes all the elements of its claim as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## DISCUSSION

In its first issue, Restaurant contends that Travelers failed to prove that there are no issues of material fact and that Travelers was entitled to summary judgment as a matter of law on its claim on a sworn account. A suit on a sworn account is an "action or defense . . . founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties . . . ." *See* Tex. R. Civ. P. 185. To prevail in such a suit, a plaintiff must prove that: (1) there was a sale and delivery of merchandise or performance of services; (2) the amount of the account is "just"; and (3) the outstanding amounts remain unpaid. *See Powers v. Adams*, 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

3

In challenging Travelers' summary-judgment evidence, Restaurant focuses only on the first element of Travelers' claim: that Travelers performed services for Restaurant, or more specifically in this case, that Travelers and Restaurant entered into an agreement in which Travelers agreed to provide insurance coverage for all of Restaurant's stores—whether the stores were then existing or would be opened in the future—and in return, Restaurant agreed to pay premiums for all existing and future stores. *See* Tex. R. Civ. P. 185 (suit on sworn account includes claim for money demand based upon written contract or founded on business dealings between parties).

As evidence that Restaurant agreed to pay Travelers premiums on all of Restaurant's locations, Travelers submitted the affidavit of Michael Kronander, the director of Travelers' accounting department. In the affidavit, Kronander stated that he had personal knowledge of Travelers' account with Restaurant "for premiums due on various policies" and that "[e]ach of the policies covered the entire business of [Restaurant], and none were [sic] limited to any particular location." Kronander also stated that:

> [u]nder the terms of the policies in question, [Travelers] was liable for claims made under the policies arising out of operations at any and all locations of [Restaurant], unless other insurance coverage existed, and, accordingly, [Restaurant] [sic] is entitled, as is standard custom in the insurance industry, to charge premiums based upon the entire operations of [Restaurant], including all locations.

Restaurant contends that summary judgment was improper because an issue of material fact exists regarding whether Restaurant had other insurance coverage during the time period for which Travelers seeks premiums. Kronander's affidavit states that under the terms of the relevant insurance policies, Travelers was liable for claims made at all of Restaurant's locations and

4

could charge premiums for all of Restaurant's locations "unless other insurance coverage existed." The statement of account attached to Kronander's affidavit describes the policies Travelers claims to have issued to Restaurant. Based on the statement of account, the period of time covered by the policies spans from November 12, 1999 to April 13, 2003.

Restaurant contends that exhibits attached to the affidavit and deposition of Timothy McLaughlin, Restaurant's operations manager, raise an issue of material fact as to whether Restaurant had insurance coverage other than that provided by Travelers during the relevant time period. For example, one exhibit shows payments made by Restaurant to an insurance company named Zurich on March 1, 2003, and April 1, 2003, both dates within the relevant time period. Another exhibit shows a payment made by Restaurant to an insurance company called American International Group ("AIG") on March 14, 2003. Other exhibits further support the existence of a policy with AIG, including: (1) a letter from Restaurant to its insurance agent in which Restaurant refers to the cancellation of an existing worker's-compensation policy and the issuance of a new policy with AIG effective January 13, 2003; and (2) a worker's-compensation incident report completed by Restaurant on January 17, 2003, identifying AIG as the worker's-compensation carrier and listing January 13, 2003, as the effective date of the policy. Because the exhibits reference policies and payments falling within the relevant time period, we conclude that the exhibits raise an issue of material fact as to whether Restaurant owed Travelers premiums on all of its locations. Accordingly, summary judgment was improper. *See* Tex. R. Civ. P. 166a(c); *Southwestern Elec.*, 73 S.W.3d at 215.

We also agree with Restaurant's assertion that Kronander's affidavit is insufficient to support summary judgment because the statements regarding the insurance policies are

"conclusory"—i.e., they state conclusions without providing the underlying facts on which the conclusions are based—and Kronander did not submit copies of the policies as factual support for his statements. Affidavits must contain specific factual bases that would be admissible in evidence and upon which any conclusions are drawn. *See Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Nichols v. Lightle*, 153 S.W.3d 563, 570 (Tex. App.—Amarillo 2004, pet. denied); *see also Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 883 (Tex. App.—Dallas 2007, no pet.) (statement is "conclusory" if it does not provide underlying facts to support conclusion). Similarly, when an affidavit in a summary-judgment proceeding refers to other documents, the affiant must attach sworn or certified copies of those documents to the affidavit. *See* Tex. R. Civ. P. 166a(f); *Paragon*, 227 S.W.3d at 884. The failure to attach the referenced documents can leave an affidavit devoid of factual support for conclusions made regarding the documents, which in turn renders the affidavit substantively defective.[1] *See Brown v. Brown*, 145 S.W.3d 745, 752 (Tex. App.—Dallas 2004, pet. denied).

In this case, Kronander refers to certain insurance policies and the terms of the policies in concluding that the policies covered all of Restaurant's existing and future stores, but he did not attach the policies to the affidavit. Without copies of the policies, Kronander fails to provide a factual basis for his conclusions. *See Paragon*, 227 S.W.3d at 883-84*; Brown*, 145 S.W.3d at 752-53. His statements are therefore incompetent summary-judgment evidence. *See City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 701 n.6 (Tex. App.—Austin 2005, no pet.)

---

[1] Defects in the substance of an affidavit may be raised for the first time on appeal. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied); *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

(statement in affidavit was incompetent summary-judgment evidence because affidavit did not provide underlying facts to support conclusion); *Brown*, 145 S.W.3d at 753 (affidavit that referred to other documents but did not attach them was incompetent summary-judgment evidence). Because Kronander's affidavit was the only evidence offered to prove that there was an agreement between the parties requiring Restaurant to pay premiums on all of its locations, summary judgment was improper. Thus, we not only reverse the trial court's summary judgment based on Travelers' failure to prove that there are no issues of material fact, but we also do so based on Travelers' failure to prove its entitlement to summary judgment as a matter of law.

Given our reversal of the trial court's summary judgment, we need not address Restaurant's second and fourth issues regarding the damages and attorney's-fees awarded to Travelers because both awards must also necessarily be reversed. *See Powers*, 2 S.W.3d at 500; *Friedman v. Atlantic Funding Corp.*, 936 S.W.2d 38, 42 (Tex. App.—San Antonio 1996, no writ).

Turning to Restaurant's remaining issue regarding its counterclaims, the record shows that the trial court erred in granting summary judgment on the claims. Although the trial court's judgment stated that it "finally dispose[d] of all parties and all claims and [was] appealable," the judgment did not in fact dispose of all of the claims in this case. The record shows that Travelers' motion for summary judgment addressed only its own claim on a sworn account[2] and that Restaurant

---

[2] The only portion of Travelers' summary-judgment motion that could be interpreted as referring to at least some of Restaurant's counterclaims was Travelers' assertion that Kronander's affidavit established that "any person or persons who potentially might have made representations to [Restaurant] concerning the locations covered by the policies are not or were not agents or employees of [Travelers]." However, this statement was made under a heading titled "[Travelers'] Case-in-Chief," and in the conclusion section of the motion, Travelers stated that the evidence attached to its motion established as a matter of law that it was entitled to judgment "on its principal claim." At no point in the motion did Travelers mention Restaurant's counterclaims or state that it was entitled to judgment on the claims.

7

did not file a summary-judgment motion on its counterclaims. There is also no indication in the record that the counterclaims were dismissed from the suit. Thus, the trial court was correct in stating that its judgment was appealable but erred in claiming that the judgment disposed of all claims in the case. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (concluding that judgment containing clear and unequivocal statement that it finally disposes of all claims when record shows otherwise must be appealed and reversed). Accordingly, in addition to reversing the trial court's summary judgment based on Travelers' failure to prove that there are no issues of material fact and that it was entitled to summary judgment as a matter of law, we also reverse the judgment on the ground that it did not dispose of Restaurant's counterclaims. *See id.*

## CONCLUSION

Because we conclude that the trial court erred in granting summary judgment in favor of Travelers, and because the trial court did not dispose of all claims between the parties, we reverse the trial court's summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton
  Chief Justice Law Not Participating

Reversed and Remanded

Filed:  January 15, 2009

8