

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00140-CV

EDGAR ORTEGA AND BITUMINOUS INSURANCE COMPANY, APPELLANTS

V.

NATIONAL OILWELL VARCO, L.P., APPELLEE

On Appeal from the 31st District Court
Hemphill County, Texas
Trial Court No. 6708, Honorable Steven Ray Emmert, Presiding

April 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Edgar Ortega and Bituminous Insurance Company (jointly referred to as Ortega)[1] appeal from the granting of a no evidence motion for summary judgment in favor of National Oilwell Varco, L.P. (NOV).  Ortega sued NOV alleging claims of negligence and products liability for injuries received while working on an oil rig manufactured by

---

[1] Bituminous Insurance Company was subrogated to the rights of Edgar Ortega by virtue of having paid him workers' compensation benefits.

NOV.  In response to the summary judgment motion,[2] Ortega offered only an affidavit from an engineer who opined as to NOV's liability.  NOV objected to the opinions offered in the affidavit, and the trial court sustained the objections in part and granted the motion for summary judgment.  The issues raised on appeal involve the propriety of the affidavit.  We affirm the judgment.

Ortega challenges the trial court's finding that William Munsell (the engineer) lacked the qualifications to render the opinions given and that his testimony was conclusory, speculative, and lacking in factual support.  We need only address the propriety of the latter finding for it is dispositive.

Munsell's affidavit consisted of a statement describing the information he had reviewed which information included his examination or review of 1) "component parts and research concerning such component parts," 2) "the Model 5C rig manufactured by National Oilwell VARCO . . . and involved in the subject accident," and 3) seven depositions and exhibits thereto.  He also mentioned interviewing four persons.  The entirety of the opinions that followed are these:

> My opinion is that the subject workover rig . . . was defective as designed and manufactured, and that said rig was negligently designed and manufactured by the manufacturer, in such respects as are more specifically set forth hereafter.  Further, the defects and acts and omissions of negligence were producing and proximate causes of the accident in which Mr. Ortega was injured.
>
> A. National Oilwell VARCO (NOV) is responsible for incorporating a component part which failed to perform as NOV intended at the time of the accident and which acted as a producing and proximate cause of the accident.
>
> B. The subject NOV rig incorporated a manufacturing defect.

---

[2] NOV alleged there was no evidence of any of the elements of negligence or strict products liability and no evidence of the elements of breach of duty and proximate cause with respect to negligent products liability.

C. The NOV rig was defectively designed in that it incorporated a safety system that failed in a foreseeable way, which made the machine unreasonably dangerous.

D. At the time of manufacture of the subject NOV rig, economically feasible, safer alternative designs were available.

E. The subject NOV rig was defectively designed in that it incorporated unnecessary delays in the braking function.

F. NOV is either withholding evidence or in the alternative has failed to perform any of the steps of proper design and development in creating the braking system in use on the subject rig at the time of the accident.

G. NOV irrevocably spoiled the evidence which had been previously preserved by Northstar after the subject accident.

H. During the accident, the service and emergency brakes of the subject rig completely failed to function.

Conclusory statements by an expert witness are insufficient to raise a question of fact to defeat a summary judgment. *McIntyre v. Ramirez,* 109 S.W.3d 741, 749 (Tex. 2003). Conclusory statements are ones that do not provide the underlying facts to support the conclusion. *Brown v. Brown,* 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied); *see also City of San Antonio v. Pollock,* 284 S.W.3d 809, 818 (Tex. 2009) (stating that an expert opinion is conclusory when the opinion has no basis or when the basis provides no support); *Burrow v. Arce,* 997 S.W.2d 229, 236 (Tex. 1999) (stating that an expert must provide a reasoned basis for his opinion).

Munsell's opinions and statements are conclusory. The most we can derive from them is that 1) some unnamed "component part" failed to perform as intended and acted as "a producing and proximate cause of the accident," 2) an unnamed safety system failed in a foreseeable way, 3) safer alternative designs were available, 4) there were unnecessary delays in the braking function, and 5) the service and emergency

3

brakes failed to function.[3]   Yet, the affiant did not explain or reveal 1) what the component part was and whether it was part of the braking system or some other system, how the part was designed or manufactured defectively, and how the failure of the part resulted in the accident, 2) whether the safety system that failed is the braking system or some other system, how the safety system was designed or manufactured defectively, why it was foreseeable that the system would fail, and how that failure resulted in the accident, 3) the identity or description of safer alternative designs that were purportedly feasible, why they were safer and feasible, and whether they would have prevented or reduced the risk of personal injury without impairing the utility of the product, 4) what facts made the delays in the braking function unnecessary and how those delays resulted in the accident, and 5) what facts showed a breach of duty by NOV with respect to the failure of the brakes.  The absence of this information is fatal since no other summary judgment evidence appears of record to explain the conclusions reached by Munsell.  Therefore, the trial court did not err in finding his opinions to be conclusory, that is, lacking in factual support.  *See Yost v. Jered Custom Homes,* 399 S.W.3d 653, 660-61 (Tex. App.—Dallas 2013, no pet.) (noting that "Porter's affidavit presents no evidence that appellee did not construct the house and foundation according to the designs prepared by the Byerses' experts" and finding the statement that the foundation problems resulted from "'the absence of provisions to protect against heaving'" conclusory because "neither his affidavit nor his report detail what these 'provisions' were, nor do they provide evidence of how those provisions could have

---

[3] We will not address the opinions regarding spoliation and withholding of evidence because no such claims have been asserted.

prevented the foundation damage in this case or how their absence caused the damage").

And, to the extent that Ortega argued the trial court's ruling as to the conclusory nature of the affidavit is contradicted by its finding that Munsell's opinions were based on personal knowledge, we find the matter inconsequential. Simply put, personal knowledge of what may be said in an affidavit and disclosing that knowledge and the facts intertwined with it are different things. A witness may have personal knowledge of facts; yet, he must still disclose those facts for his testimony to have any value. So, while the engineer at bar may have had personal knowledge of his opinions and facts underlying them, his opinions were conclusory and lacked probative value because those facts (or the rationale for his opinions) went unmentioned in his affidavit.

Similarly inconsequential is Ortega's proposition that the trial court's rulings were tantamount to granting a *Robinson* challenge without a hearing. *See E.I. du Pont de Nemours and Co., Inc. v. Robinson,* 923 S.W.2d 549, 556 (Tex. 1995) (requiring the proponent of expert testimony to show it is based on a reliable foundation). The flaw again involves comparing unlike topics. The trial court was dealing not with the reliability of Munsell and his opinions but rather with a summary judgment tenet denuding conclusory statements of evidentiary value. Munsell's opinions may be quite reliable but they have no evidentiary value (for purposes of summary judgment practice) if unaccompanied by explanation or fact. Indeed, when testimony is challenged as being non-probative or conclusory on its face, there is no need to go beyond the face of the record to determine their reliability. *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 233 (Tex. 2004) (stating that "[w]hen the expert's underlying

5

methodology is challenged, the court 'necessarily looks beyond what the expert said' to evaluate the reliability of the expert's opinion . . . . When the testimony is challenged as conclusory or speculative and therefore non-probative on its face, however, there is no need to go beyond the face of the record to test its reliability").

Accordingly, the judgment is affirmed.


Per Curiam