

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00289-CV

_____

CITY OF FOREST HILL, Appellant

V.

JON CHEESBRO, Appellee

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-300244-18

---

Before Gabriel, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

The City of Forest Hill (the City) appeals the trial court's order denying its plea to the jurisdiction, contending that the trial court lacks subject-matter jurisdiction over Jon Cheesbro's lawsuit because he has not alleged facts that establish a waiver of the City's governmental immunity. We hold that Cheesbro's pleading is insufficient to establish the trial court's jurisdiction but that the petition does not show an incurable jurisdictional defect. Therefore, we reverse the trial court's order and remand this case to the trial court to give Cheesbro an opportunity to amend his pleading.

## Background

According to Cheesbro's pleading, one day in August 2016, he was driving his motorcycle on one of the City's streets when "his tire caught in a defect on the road[,] which caused him to lose control . . . and crash." Cheesbro suffered injuries and sued the City for damages, asserting a negligence claim. Without specifying what the "defect" was, he pleaded on "information and belief" that before the crash, the City was aware of the defect and the danger it caused and did not warn motorists of the danger. Cheesbro alleged that after the crash, the City repaired the roadway to correct the indeterminate dangerous condition.

The City responded to Cheesbro's petition by filing a plea to the jurisdiction, by pleading a general denial, and by pleading affirmative defenses, including governmental immunity. In its plea to the jurisdiction, the City emphasized that Cheesbro had not identified "what type of defect . . . caused his crash and damages"

and argued that his petition was insufficient to overcome a presumption of immunity. More specifically, although the City acknowledged that the Texas Tort Claims Act creates a limited waiver of governmental immunity, the City argued that Cheesbro's petition had not triggered the waiver because he (1) had not described facts to establish the existence or nature of a defect but had only asserted the existence of a defect in a conclusory fashion and (2) had not described facts supporting his claim that the City knew or should have known of the defect.

Cheesbro did not file a response to the City's plea. The trial court held a hearing on it. At the hearing, the City again argued that Cheesbro's petition was insufficient to assert a waiver of immunity because he had "failed to even identify what defect [he was] talking about." Cheesbro, through counsel, urged the trial court to deny the plea by arguing,

> [T]his is a plea to the jurisdiction. I think [the City] is presenting it as if it's a summary judgment of some kind. I think at this stage the Court looks at whether or not what is pled is actionable under the Tort Claims Act. What is pled is well within [the Act]. . . .
>
> . . . .
>
> . . . [W]hat the defense is trying to do here, apparently, is, again, have the Court rule on what's essentially a summary judgment before they've even answered discovery, and I think that would be the more appropriate time and place.

The City replied to Cheesbro's argument by contending that he had the burden to plead facts demonstrating a waiver of immunity and that he had not done so.

3

The trial court denied the City's plea. The City brought this interlocutory appeal.[1]

### Cheesbro's Failure to Invoke a Waiver of Immunity

In one issue, the City contends that the trial court erred by denying the City's plea to the jurisdiction because Cheesbro's "mere assertion of an undescribed, unidentified 'defect' as a cause of his injury, without more," does not establish a waiver of the City's governmental immunity.

Local governmental entities, like the City, generally enjoy immunity from suits for damages. *City of Fort Worth v. Deal*, 552 S.W.3d 366, 371 (Tex. App.—Fort Worth 2018, pet. denied). The Legislature may waive this immunity and has done so, on a limited basis, through the Texas Tort Claims Act (the Act), chapter 101 of the civil practice and remedies code. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Under the Act, a governmental entity is liable for, as is applicable to this case, "personal injury and death . . . caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); *see also id.* § 101.0215(a)(4) (stating that a municipality may be liable for acts related to street

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). We note that Cheesbro has declined to file an appellate brief.

maintenance).[2] A plaintiff carries the burden to plead facts showing a waiver of immunity under the Act. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. Jones*, 485 S.W.3d 145, 148 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Because governmental immunity negates a trial court's jurisdiction, a governmental defendant may assert such immunity in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea to the jurisdiction may challenge either the pleadings or the existence of jurisdictional facts. *See id.* at 226–27. When, as here, the governmental defendant challenges the plaintiff's pleadings, we consider whether the plaintiff has alleged sufficient facts to demonstrate the court's jurisdiction over the matter, construing the pleadings liberally in favor of the plaintiff and looking to the pleader's intent. *Id.* Vague and conclusory[3] statements within a pleading are insufficient to support jurisdiction; otherwise, the jurisdictional inquiry would become meaningless. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007); *Brazoria Drainage Dist. No. 4 v. Matties*, No. 01-17-00422-CV, 2018 WL 3468531, at *3 n.2 (Tex. App.—Houston [1st Dist.] July 19, 2018, no pet.) (mem. op.) ("Conclusory allegations are insufficient under Texas law."); *Wharton Cty. v. Genzer*, No. 13-06-00078-CV, 2007 WL 4442445, at *3 (Tex. App.—

---

[2]In his petition, Cheesbro asserted a waiver of the City's immunity under section 101.0215(a)(4).

[3]A conclusory statement is one that does not provide underlying facts to support the conclusion. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied).

Corpus Christi–Edinburg Dec. 20, 2007, no pet.) (mem. op.) ("[T]hough this Court is to construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent, this should not require that we create and add facts to the plaintiffs' pleadings so that the trial court's jurisdiction is invoked."); *see also Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) ("Mere reference to the Tort Claims Act does not establish the [government's] consent to be sued and thus is not enough to confer jurisdiction on the trial court."). Whether a plaintiff has alleged sufficient facts to invoke a waiver of jurisdiction under the Act is an issue that we review de novo. *City of El Paso v. Collins*, 483 S.W.3d 742, 749 (Tex. App.—El Paso 2016, no pet.).

The City contends that Cheesbro's pleading is conclusory and insufficient because from the pleading, it is impossible to discern whether the City "would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). More specifically, the City asserts that because Cheesbro has provided no explanation about the alleged "defect" that caused his injuries and has provided no facts about the City's alleged knowledge of the defect, it is impossible to discern the nature and extent of any duty that the City owed to him or whether the City breached the duty.

Whether a defendant owed a legal duty to a plaintiff is an essential element of the plaintiff's claim in a premises liability case that must be established by the pleadings. *Collins*, 483 S.W.3d at 752. When a plaintiff asserts a claim under the Act for a premises defect on property that the plaintiff has not paid to use, the

governmental entity "owes to the [plaintiff] only the duty that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). That is, the entity must not injure the plaintiff by willful, wanton, or grossly negligent conduct, and the entity must use ordinary care either to warn the plaintiff of, or to make reasonably safe, a dangerous condition of which the entity is aware and the plaintiff is not. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (op. on reh'g). But when a plaintiff asserts a claim for a special defect "such as excavations or obstructions on . . . streets," the governmental entity owes the duty that a private landowner owes an invitee, which means that the entity must use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition of which the entity is aware or reasonably should be aware. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); *City of Austin v. Rangel*, 184 S.W.3d 377, 383 (Tex. App.—Austin 2006, no pet.). Whether a condition is a premises defect or a special defect is a question of law for the court to decide. *City of Austin*, 184 S.W.3d at 383. "When determining whether a special defect exists, courts often look to factors such as the size, nature, location and permanence of the condition." *Id.*

We agree with the City's argument that because Cheesbro's pleading provides no details about the alleged defect or about how the City knew of the alleged defect, the pleading does not satisfy his burden to show the nature or extent of any duty borne by the City or how the City breached that duty, and the pleading therefore does not satisfy his burden to affirmatively demonstrate a waiver of the City's

7

governmental immunity under the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); *Miranda*, 133 S.W.3d at 226, 230; *Univ. of Tex. M.D. Anderson Cancer Ctr.*, 485 S.W.3d at 148; *see also Flynn*, 228 S.W.3d at 659–60 (holding that a plaintiff's jurisdictional allegations were conclusory and were insufficient to invoke jurisdiction); *Brazoria Drainage Dist. No. 4*, 2018 WL 3468531, at *3 (holding that plaintiffs failed to invoke a waiver of governmental immunity because they failed to plead facts demonstrating the entity's knowledge of an alleged dangerous condition); *Henry v. City of Angleton*, No. 01-13-00976-CV, 2014 WL 5465704, at *7 (Tex. App.—Houston [1st Dist.] Oct. 28, 2014, no pet.) (mem. op.) (holding that a plaintiff's pleading was insufficient when the plaintiff alleged that the city knew of a risk but did not provide facts supporting the allegation); *Wharton Cty.*, 2007 WL 4442445, at *3 (holding that a plaintiff's pleading with respect to an automobile accident was insufficient to invoke jurisdiction under the Act and stating that the pleading standard demands factual specificity); *Taylor v. Univ. of Tex. Health Ctr. at Tyler*, No. 12-01-00381-CV, 2002 WL 31323413, at *5–7 (Tex. App.—Tyler Oct. 9, 2002, pet. denied) (not designated for publication) (holding that allegations that injuries were caused by an operating room, surgical area, and forty-eight items were insufficient to invoke jurisdiction when the allegations were unaccompanied by any description of a defective condition or an explanation of how the items were negligently used or misused). We hold that Cheesbro's pleading is insufficient to invoke the trial court's jurisdiction.

The City asks us to render a judgment dismissing Cheesbro's suit. If a plaintiff's pleading does not contain facts sufficient to demonstrate a waiver of immunity under the Act but does not affirmatively demonstrate an incurable defect in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27; *Brazoria Drainage Dist. No. 4*, 2018 WL 3468531, at *4; *City of Austin*, 184 S.W.3d at 382. The opportunity to amend pleadings that are insufficient to establish—but do not affirmatively negate—jurisdiction arises after a court determines the pleadings are insufficient. *Smith v. City of League City*, 338 S.W.3d 114, 121 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The City does not appear to argue that Cheesbro's pleading demonstrates an incurable jurisdictional defect, and we hold that it does not. Accordingly, although we sustain the City's only issue, we must remand this case to the trial court to afford Cheesbro an opportunity to amend his pleading. *See Miranda*, 133 S.W.3d at 226–27.

## Conclusion

Having sustained the City's issue, we reverse the trial court's order denying the City's plea to the jurisdiction and remand this case to the trial court for further proceedings.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  February 28, 2019

9