**Affirmed in part and Reversed in part and Opinion Filed November 4, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00693-CV**

**SHEILA MICHAL, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF ROBERT MICHAL, Appellant**

**V.**

**NEXION HEALTH AT GARLAND, INC. D/B/A PLEASANT VALLEY HEALTHCARE AND REHABILITATION CENTER AND NEXION HEALTH OF TEXAS, INC., Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-05250**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this medical negligence case, Sheila Michal, individually and on behalf of the estate of her deceased husband, Robert Michal, appeals the trial court's order granting no-evidence summary judgment in favor of appellees Nexion Health at Garland, Inc. d/b/a Pleasant Valley Healthcare and Rehabilitation Center (Pleasant Valley) and Nexion Health at Garland, Inc. (collectively, Nexion). We reverse in part and remand in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

Ms. Michal filed this lawsuit against Nexion on April 3, 2020. Her petition stated that in 2018 Mr. Michal suffered from "comorbidities" and was a Pleasant Valley resident. In her medical negligence claim, she alleged Nexion "knew of the increased risk of . . . infections created by [Mr. Michal's] conditions" and owed him "a duty of care to exercise that degree of care required by [his] known physical conditions," but breached that duty by "acts and omissions of negligence" that ultimately led to his death.[1]

Following Nexion's general denial answer, the trial court approved an August 26, 2020 "Discovery and Docket Control Plan" under which trial was set for July 12, 2021, and Ms. Michal's expert witness designation deadline was November 9, 2020. On January 6, 2021, Ms. Michal designated Gregg Davis, M.D., as an expert witness. Nexion filed a February 9, 2021 motion to strike Dr. Davis's designation as untimely.

While the motion to strike the designation was pending, Nexion filed a March 10, 2021 no-evidence motion for summary judgment. Nexion asserted it was entitled to summary judgment because Ms. Michal's untimely expert witness designation "must be stricken and excluded pursuant to Tex. R. Civ. P. 193.6," leaving her

---

[1] Ms. Michal also asserted claims for corporate and gross negligence. Though the trial court granted summary judgment in Nexion's favor as to all of Ms. Michal's claims, she states in her appellate briefing that she "is not seeking to reverse the court's decision regarding her corporate negligence and gross negligence claims."

without the expert testimony required to establish the medical negligence elements of standard of care, breach of the standard, and causation.

On March 23, 2021, the trial court signed two orders that each denied, in slightly different wording, Nexion's motion to strike Dr. Davis's designation. One was titled "Order Denying Defendants' Motion to Strike Expert Witness" and the other was titled "Order on Defendants' Motion to Strike Expert Witness Gregg Davis M.D."

Ms. Michal filed an April 21, 2021 response to Nexion's summary judgment motion with attached exhibits that included (1) an unsworn declaration of Dr. Davis[2];

---

[2] Dr. Davis's declaration stated, among other things:

12. In this case, I have reviewed the following records: Death Certificate of Robert Michal, Medical City Dallas' medical records dated 12/07/2017–12/29/2017 and 6/18/2018, 6/26/2018, Pleasant Valley Healthcare and Rehabilitation nursing facility's medical records dated 7/26/2017–6/18/2018, and Kindred Hospital Dallas Central's medical records dated 12/05/2017–12/07/2017.

13. The opinions expressed here are based on my review of the pertinent records, my education, training, and knowledge of the accepted medical and nursing standards of care for the diagnoses, care, and treatment of the illnesses, injuries, and conditions involved in this claim.

14. The underlying acts as outlined in Mr. Michal's medical records are as follows: Mr. Michal was admitted to Pleasant Valley Healthcare and Rehabilitation on 12/29/2017 after hospitalization at Kindred Hospital Dallas Central for rehabilitation following a diagnosis of acute lymphocytic leukemia status post-chemotherapy, sepsis, respiratory failure, polyneuropathy, and gastric feeding tube placement. The gastrotomy tube was removed at the end of February 2018. A pureed diet with honey thickened liquids was initially tolerated without symptoms of aspiration. Mr. Michal developed a fever of 101.1 with a chest X-ray on 5/30/2018, revealing a "left basilar airspace dz/atelectasis." The next nursing note was created on 6/9/2018 and indicated he was afebrile.

15. Nursing notes contained within Mr. Michal's medical record dated 6/10/2018 and 6/14/2018 are concerned with oral fluid intake, voiding, and recording typical vital signs. On 6/15/2018, a chest x-ray was obtained with findings of right lung infiltrate likely due to pneumonia. On 6/15/2018 at 17:18, a nurse practitioner began a seven-day course of

treatment with oral Levaquin, an antibiotic. Vital signs at that time were normal. The nursing staff next evaluated Mr. Michal on 6/16/2018 at 14:39, recording "no sign of discomfort" without performing vital signs. At 21:11, a nursing evaluation found him to be afebrile, alert, with normal respirations. The next morning, 6/17/2018, at 06:29, the nursing staff administered a dose of Levaquin and recorded a normal temperature. At 13:58, the team assisted Mr. Michal with his meal and recorded he ate 25% of the meal. No vital signs were obtained. That evening at 21:28, vital signs indicate he was afebrile and had consumed 75% of his evening meal. On the morning of 6/18/2018 at 06:38, he was "afebrile," but no vital signs were recorded. At 10:57, the nursing note indicates he had not eaten breakfast but did not exhibit any signs of discomfort. No vital signs were obtained. The next nursing note occurred at 16:01 and indicated he was being transferred to the Medical City of Dallas due to critical lab values. Vital signs at that time indicated his pulse was elevated (101), and he had developed a temperature of 99.6. He was described as alert without pain or shortness of breath.

16. Upon arrival at Medical City Dallas's emergency department, Mr. Michal's records reveal that he was found to have a temperature of 101.3. His examination revealed bilateral rales upon auscultation of his chest, and he was diagnosed with septic shock, anemia, lactic acidemia, leukopenia, and pneumonia. A history indicated Mr. Michal had become anorexic two weeks before transfer and had an episode of coughing while eating. Additional history was obtained by otolaryngology, indicating Mr. Michal had had difficulty swallowing for the last two months and had bouts of food "getting stuck in the back of his throat." Mr. Michal failed to respond to aggressive medical therapy. On 6/26/2018, oncology indicated Mr. Michal was not a candidate for further treatment and his prognosis was "grim". Hospice was consulted, and Mr. Michal died on 6/26/2018 from sepsis and aspiration pneumonia.

. . . .

19. . . . The [Pleasant Valley] nursing staff knew or should have known that patients with advanced leukemia are immunosuppressed by their illness and may fail to manifest a consistent fever despite the presence of sepsis. . . . Nursing staff failed to monitor vital signs on 6/17/2018 and 6/18/2018 and failed to monitor the development of sepsis. This is a deviation in the standard of care. They failed to monitor Mr. Michal's clinical course adequately, the nursing staff allowed the progression of sepsis, delayed the diagnosis of sepsis, and prevented his transfer to a higher level of care.

. . . .

22. It is my opinion that the events and failures by Pleasant Valley Healthcare and Rehabilitation nursing facility proximately caused or contributed to a delay in the diagnosis of Mr. Michal's sepsis resulting in a delay of therapy which may have prolonged his life. Nursing staff of Pleasant Valley failed to maintain head of bed elevated. They failed to keep the head of Mr. Michal's bed elevated at 45-90 degrees during feeding and for at least 30-45 minutes after feeding. . . . In the present case, there is no evidence to show Mr. Michal was maintained upright. Failures to maintain optimal positioning . . . led to gastric contents entering the airways. . . . Particles of food allowed for the accumulation of bacteria, which colonized the respiratory system including the lungs, causing pneumonia from food aspirated into lungs. . . . When Mr. Michal aspirated food into his lungs, he developed pneumonia, and bacteria spread into his bloodstream, causing sepsis. Due to his immunosuppression, his body failed to mount an aggressive response to the infection. As a part of this failure, he did not develop a sustained elevation in his temperature. The failure of the nursing staff to frequently monitor his vital signs prevented the early detection of developing sepsis. Failing to detect the onset of sepsis, precluded early treatment, and led to premature death.

(2) Mr. Michal's 2017–2018 Pleasant Valley medical records; (3) Mr. Michal's 2017 medical records from another Dallas-area facility, Kindred Hospital; and (4) an unsworn declaration of Ms. Michal's counsel describing both sets of medical records as "produced to [Ms. Michal's counsel] in discovery by Defendants" and "kept by [Ms. Michal's counsel] in the regular course of business."

On April 26, 2021, Nexion filed a summary judgment reply and objections to Ms. Michal's summary judgment evidence. Nexion (1) contended the Pleasant Valley and Kindred Hospital records were hearsay and "not supported by a (compliant) business records affidavit" and (2) objected to portions of the declaration of Ms. Michal's counsel on the grounds that counsel's statements did not satisfy the business-records hearsay exception requirements. Also, Nexion (1) asserted Texas Rule of Civil Procedure 166a(f) required that "sworn or certified copies of all papers referred to" in the declaration must be "attached thereto or served therewith" and (2) contended Ms. Michal entirely omitted the death certificate and Medical City records that served as bases for Dr. Davis's opinion. Nexion argued that the "absence of the referenced papers" rendered the entire declaration "per se conclusory." Additionally, Nexion contended Dr. Davis's designation "remains untimely" because, despite "ample time to cure" after the trial court denied Nexion's motion to strike, Ms. Michal had not "sought leave to late-designate an expert" or "obtained an amendment of the expert witness deadline."

At the start of the April 29, 2021 summary judgment hearing[3], Ms. Michal filed a "Motion for Leave to Late-File Summary Judgment Evidence," seeking to file Mr. Michal's death certificate and the Medical City records described in Dr. Davis's declaration. The motion contended "good cause" for leave existed because that evidence "was inadvertently left out" of the summary judgment response. The motion (1) cited the portion of Rule 166a(f) allowing for supplementation of summary judgment affidavits; (2) requested that the death certificate and Medical City records be "attached"; and (3) stated that due to the Medical City records "being too large to submit via e-File," those records "will be mailed to the court for filing."[4] The motion also requested that the trial court "take judicial notice pursuant to Texas Rule of Evidence 201 of the Death Certificate of Robert Michal," a "public and readily available document."

The motion's attachments included a facsimile of Mr. Michal's certified death certificate, titled "State of Texas Certification of Vital Record." The death certificate stated it was issued by the Texas Department of State Health Services Vital Statistics Unit and was "a true and correct reproduction of the original record as recorded in this office," issued "under authority of Section 191.051, Health and Safety Code." It described Mr. Michal's cause of death as "sepsis" due to "aspiration pneumonia."

---

[3] Though the appellate record does not include a reporter's record of the summary judgment hearing, the record shows the hearing was at 10:30 a.m. and Ms. Michal's motion for leave to late-file summary judgment evidence was filed at 10:32 a.m.

[4] Though the appellate record does not include the Medical City records, that omission is immaterial because we do not rely on the contents of those records in this opinion.

On the same date as the hearing, the trial court signed an order vacating one of the two above-described March 23, 2021 orders denying Nexion's motion to strike Dr. Davis's designation as an expert witness.

Nexion filed a May 3, 2021 response to Ms. Michal's motion for leave to late-file evidence, contending the evidence she sought to file "is not competent." Nexion stated it presumed the Medical City records Ms. Michal sought to file were those produced to Nexion during discovery, which were "unauthenticated" and "hearsay, unsupported by business record or other affidavit." Nexion also contended the death certificate was hearsay, unauthenticated, and "not certified."

The trial court signed a May 14, 2021 order granting Nexion's no-evidence motion for summary judgment and dismissing Ms. Michal's claims with prejudice. The order also denied Ms. Michal's motion for leave to late-file summary judgment evidence and sustained Nexion's objections to the evidence attached to Ms. Michal's summary judgment response and the evidence she sought to file late.

Ms. Michal filed a June 14, 2021 motion for new trial restating her above-described arguments. She also filed a July 20, 2021 "Trial Brief" in support of her new-trial motion, which Nexion objected to as an "untimely amended motion for new trial." After a hearing, the trial court denied Ms. Michal's motion for new trial.

**Standard of review and applicable law**

We review a trial court's summary judgment de novo. *E.g.*, *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A trial court must grant a no-evidence

motion for summary judgment unless the nonmovant produces evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *see City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

In our summary judgment review, we examine the record in the light most favorable to the nonmovant. *Forbes*, 124 S.W.3d at 172. A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *see also Forbes*, 124 S.W.3d at 172 ("More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions."). When the trial court's order does not specify the grounds for granting summary judgment, we affirm if any theory presented to the trial court and preserved for our review is meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

Affidavits supporting and opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f); *see also* TEX. CIV. PRAC. & REM. CODE

§ 132.001(a) (allowing for use of unsworn declaration in lieu of affidavit required by statute or rule). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." TEX. R. CIV. P. 166a(f). "[A]n affidavit is substantively defective when the absence of the referenced papers from the summary judgment evidence makes the affidavit conclusory." *Brown v. Brown*, 145 S.W.3d 745, 752 (Tex. App.—Dallas 2004, pet. denied); *see also id.* at 751 ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."). Though a trial court need not allow supplementation to cure a substantive defect in a summary judgment affidavit, upon objection to a defect in the form of the affidavit the opposing party must have an opportunity to amend. *Hewitt v. Biscaro*, 353 S.W.3d 304, 307–08 (Tex. App.—Dallas 2011, no pet.).

Evidentiary rulings and denials of motions for leave to late-file summary judgment evidence are reviewed under an abuse of discretion standard. *E.g.*, *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000); *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002); *see also U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012) (trial court abuses its discretion when it acts without regard for guiding rules or principles). We may reverse a trial court's judgment based on an error in the admission or exclusion of evidence only if we conclude the error was reasonably calculated to cause and

probably did cause rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

To prevail on a medical negligence claim, a plaintiff must show (1) a duty requiring the defendant to act according to a certain standard of care, (2) a breach of the applicable standard of care, (3) injury or harm to the plaintiff, and (4) a causal connection between the breach of the applicable standard of care and the injury or harm. *Taylor v. Baylor Scott & White Med. Ctr.-Frisco*, No. 05-20-00352-CV, 2022 WL 405896, at *3 (Tex. App.—Dallas Feb. 10, 2022, no pet.) (mem. op.). Expert testimony is ordinarily required to establish medical negligence. *Chester v. El-Ashram*, 228 S.W.3d 909, 911 (Tex. App.—Dallas 2007, no pet.).

**Analysis**

In a single issue, Ms. Michal asserts the trial court "erred in granting [Nexion's] no-evidence motion for summary judgment based on its exclusion of the unsworn declaration of Gregg Davis, M.D." Ms. Michal argues (1) Dr. Davis was properly designated as an expert at the time of the summary judgment hearing; (2) the trial court abused its discretion by denying her motion for leave to late-file summary judgment evidence; and (3) her summary judgment evidence established the elements of medical negligence to defeat a no-evidence motion for summary judgment.

We begin with the timeliness of Ms. Michal's expert designation. Under Texas Rule of Civil Procedure 193.6, an affidavit by a witness not timely identified is

generally inadmissible "unless the court finds that: (1) there was good cause for the failure . . . or (2) the failure . . . will not unfairly surprise or unfairly prejudice the other parties." TEX. R. CIV. P. 193.6(a). "A finding of good cause or the lack of unfair surprise or unfair prejudice must be supported by the record." *Id*. 193.6(b). "Courts of appeals considering whether a trial court granted leave commonly—and correctly—examine the record for 'an affirmative indication that the trial court permitted the late filing.'" *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

Nexion asserts that though its motion to strike Dr. Davis's designation as untimely "was at first denied and the filing deemed timely," the trial court "withdrew that order after the summary judgment hearing and before its order granting the no-evidence summary judgment motion." Nexion argues it objected to Dr. Davis's declaration as untimely, among other grounds, and the trial court granted Nexion's objections without specifying the reason. Additionally, Nexion asserts Ms. Michal "did not request a continuance of the summary judgment hearing or trial setting, did not seek leave to late-designate an expert witness, and did not seek leave to amend their expert witness deadline or the scheduling order." Nexion contends untimely designation "is one of the bases on which the trial court may have granted [Nexion's] objections to Dr. Davis' declaration" and thus constitutes an "independent basis" supporting the summary judgment.

Ms. Michal responds in her appellate reply brief that though the trial court sua sponte vacated one of the two March 23, 2021 orders denying Nexion's motion to strike Dr. Davis's designation, the court "left the other order in place" and Nexion "has not sought to cross-appeal it." Ms. Michal argues that "no reasoning exists for this Court to infer that the lower court's order [sustaining Nexion's April 26, 2021 objections] was based on reasoning that would create a direct conflict with a prior order" and "[i]t makes no sense that Ms. Michal would have to file a *separate* Motion for Leave to Late Designate Dr. Davis following an order denying [Nexion's] Motion to Strike, when the Court was already required to determine those same issues within the Motion to Strike itself." Ms. Michal also asserts the remaining March 23, 2021 order denying Nexion's motion to strike "implicitly" deemed there was good cause or no unfair prejudice regarding the expert designation.

As described above, Ms. Michal designated Dr. Davis as an expert on January 6, 2022, which Nexion contended did not comply with the discovery plan's November 9, 2020 deadline. The record shows Ms. Michal also filed January 15, 2021 and April 21, 2021 motions to compel discovery, asserting Nexion had "stalled this litigation by refusing to provide documents that would reasonably allow this case to proceed in a meaningful fashion" and describing particular examples.

Both of the March 23, 2021 orders denying Nexion's motion to strike bore the trial judge's handwritten signature. One order stated, "The Court hereby deems Plaintiffs' Designation of Expert Witness Gregg Davis M.D. timely, and deems no

–12–

prejudice to Defendants has occurred by serving the expert designation on January 6, 2021." The other order stated, "Upon consideration of [Nexion's motion to strike Dr. Davis] review of the evidence on file, any responses thereto, and arguments of counsel, the Court is of the opinion that the Motion should be DENIED." On April 29, 2021, the trial court vacated the first order described above without further explanation. On May 14, 2021, the trial court signed an order sustaining Nexion's April 26, 2021 objections to Ms. Michal's summary judgment evidence without stating a basis.

Nothing in the record demonstrates or suggests that the trial court's vacating of only one of the two orders was inadvertent or that the trial court did not intend the remaining order to be valid. Additionally, the allegations in Ms. Michal's motions to compel discovery support implicit findings of good cause or lack of unfair surprise or prejudice. *See Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 384 (Tex. App.—Dallas 2003, pet. denied) (concluding finding of good cause or no unfair surprise was implicit in trial court's permitting witness to testify); *Capital Metro. Transp. Auth. v. Cent. of Tenn. Ry. & Navigation Co., Inc.*, 114 S.W.3d 573, 583 (Tex. App.—Austin 2003, pet. denied) (same).

We conclude the record shows "an affirmative indication" that the trial court permitted the January 6, 2021 designation of Dr. Davis as an expert witness. *See Steak N Shake*, 598 S.W.3d at 259. We cannot agree with Nexion that the record demonstrates otherwise or that further action by Ms. Michal was required to effect

–13–

the designation. On this record, we reject Nexion's contention that the trial court's summary judgment can properly be affirmed based on untimeliness of Ms. Michal's expert witness designation. *See id*.; *see also Torres v. Unauthorized Practice of Law Comm. for Supreme Court of Tex*., No. 05-21-00651-CV, 2022 WL 4115487, at *3 (Tex. App.—Dallas Sept. 9, 2022, no pet.) (mem. op.) (rejecting appellant's unsupported contention regarding basis for trial court's summary judgment).

Next, we address Ms. Michal's assertion that the trial court abused its discretion by denying her motion for leave to late-file summary judgment evidence.[5] "Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). A motion for leave to file late summary judgment evidence should be granted when the nonmovant establishes good cause by showing (1) the failure to timely file was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late filing will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 684; *see also K.W. Ministries, Inc. v. Auction Credit Enter., LLC*, No. 05-14-01392-CV, 2016 WL 1085227, at *2

---

[5] Nexion asserts Ms. Michal "failed to properly preserve this error because a formal request for a continuance was necessary." In support of that argument, Nexion cites cases involving parties requesting additional opportunity for discovery or seeking to make unspecified changes to improper opinions in an affidavit. *See Tenneco Inc. v. Enter. Prods. Co*., 925 S.W.2d 640, 647 (Tex. 1996); *Jordan v. Tindel*, No. 05-96-00427-CV, 1998 WL 12669, at *9 (Tex. App.—Dallas Jan. 15, 1998, no pet.) (not designated for publication). Because the motion here sought only consideration of already-obtained evidence described in the declaration, those cases are inapposite. Nexion cites no authority, and we have found none, requiring a request for a continuance to preserve error in this circumstance.

(Tex. App.—Dallas Mar. 21, 2016, no pet.) (mem. op.) (party seeking to file late summary judgment evidence has burden to establish *Carpenter* requirements).

Ms. Michal argues in her appellate brief that she satisfied both requirements because (1) "it was reasonable for [her] to believe that the inclusion of these documents was neither required nor necessary" and (2) allowing the evidence would have "created no undue delay and would not have injured Pleasant Valley in any way." Her first argument does not comport with her assertion in the trial court that the evidence in question was "inadvertently left out of" the summary judgment response. Nor does the record show she addressed lack of undue delay or injury in the trial court. Thus, the trial court did not abuse its discretion to the extent it determined she did not satisfy those requirements.

But in addition to requesting leave to late-file the evidence as attachments, Ms. Michal's motion included a request that the trial court take judicial notice of Mr. Michal's death certificate. Ms. Michal contends the trial court abused its discretion by "ignoring the plain text of multiple statutes and rules" and "sustaining [Nexion's] objection to the death certificate." According to Ms. Michal, the trial court "should have permitted supplementation of the summary judgment record with the death certificate." We agree.

At any stage of a proceeding, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID.

–15–

201(b), (d). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. 201(c). The Texas Vital Statistics Act provides that "the state registrar shall supply to a properly qualified applicant, on request, a certified copy of a record . . . of a birth, death, or fetal death registered under this title." TEX. HEALTH & SAFETY CODE § 191.051. A copy of a death record registered under that title that is certified by the state registrar "is prima facie evidence of the facts stated in the record." *Id*. § 191.052. "A record of a birth, death, or marriage, if reported to a public office in accordance with a legal duty" is not excluded by the rule against hearsay. TEX. R. EVID. 803(9); *see also Tex. Workers' Comp. Comm'n v. Wausau Underwriters Ins.*, 127 S.W.3d 50, 61 (Tex. App.— Houston [1st Dist.] 2003, pet. denied) (stating that Rule 803(9) "provides an alternative avenue of admissibility for death certificates, in addition to section 191.052 of the Texas Health and Safety Code").

Nexion contends Ms. Michal failed to preserve error on "any issue related to Mr. Michal's alleged death certificate" because (1) "her arguments on appeal fail to match those she made in the trial court"; (2) she relies on "statutory and evidentiary rule references" made for the first time in her "untimely amended Motion for New Trial"; (3) she "never sought general admission into evidence of the death certificate, only that it be attached to Dr. Davis's declaration"; and (4) "there is no express or implied ruling on the judicial notice request." Alternatively, Nexion argues the trial court "did not abuse its discretion in excluding Mr. Michal's death certificate"

because "[t]here is no information about where this document came from" and though it "appears" to be a facsimile of an original document, it is "poor-quality" and "is only produced in greyscale" without the blue security border its provisions describe. According to Nexion, "These unanswered questions would rightly give any judge pause about taking judicial notice." Additionally, Nexion contends any error in excluding the death certificate was harmless because the trial court "properly granted no-evidence summary judgment on other grounds—that there was no competent expert testimony to raise a fact issue."

As to error preservation, the portion of Ms. Michal's appellate complaint that we address here cites the same bases she relied on prior to her motion for new trial, including the "Rules of Evidence" and Texas Health and Safety Code section 191.051. *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."). Also, the record shows the relief sought in Ms. Michal's motion for leave to late-file summary judgment evidence was not limited to attaching evidence to Dr. Davis's declaration, but also included a separate request for judicial notice of the death certificate. Further, because the trial court's May 14, 2021 order stated it denied Ms. Michal's "Motion for Leave to Late-File Summary Judgment Evidence," which included both requests, we cannot agree with Nexion that there was "no express or implied ruling on the judicial notice request."

If a party requests it and the court is supplied with the necessary information, the court "must take judicial notice" of a fact for which judicial notice is proper, i.e., "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b)–(c). Here, Nexion objected to the death certificate on the grounds that it was hearsay, unauthenticated, and "not certified." Despite the document's alleged "poor quality" and the fact that it is a grayscale copy, all pertinent entries and informational portions are easily readable. To the extent Ms. Michal was required to show application of a hearsay exception, (1) her motion asserted the death certificate was a "public and readily available document" and (2) the death certificate shows on its face that it is a record of vital statistics and therefore subject to Rule 803(9)'s hearsay exception. *See* TEX. R. EVID. 803(9). Moreover, the document clearly states it is a "certification" and "a true and correct reproduction of the original record" issued pursuant to section 195.051. *See* TEX. HEALTH & SAFETY CODE §§ 195.051– .052. On this record, we conclude the trial court abused its discretion by not granting Ms. Michal's request for judicial notice as to Mr. Michal's death certificate. *See id*.; TEX. R. EVID. 201(b)–(c); *cf. United States v. Brocato*, 4 F.4th 296, 304 (5th Cir. 2021) (noting that death certificate is "a document subject to judicial notice").

In light of that conclusion, we now address together (1) Nexion's assertion that any error regarding refusal to take judicial notice of the death certificate was harmless and (2) Ms. Michal's assertion that her summary judgment evidence

–18–

established the elements of medical negligence to defeat a no-evidence motion for summary judgment.

According to Nexion, without the Medical City records, "Dr. Davis' conclusions about Mr. Michal's death and its causes are conclusory and inadmissible" because those omitted records "describe the cause and nature of the alleged injury and death." Nexion asserts "the failure to include those foundational records rendered the declaration conclusory," a "substantive defect" that Ms. Michal was not entitled to cure.[6]

The record shows Dr. Davis's declaration described breach of the applicable standards of care based on the Pleasant Valley medical records. Additionally, paragraphs 16, 19, and 22 of his declaration describe a causal connection between the alleged breach and Mr. Michal's injury or harm. Though those three paragraphs rely in part on the contents of the Medical City records, the critical causational underpinning of those paragraphs is that Mr. Michal died of "sepsis" as a result of Nexion's breach of applicable standards of care. The cause of death is stated in Mr.

---

[6] Nexion's appellate argument also includes an assertion that the trial court "properly excluded" the Pleasant Valley records that Nexion produced to Ms. Michal during discovery because those records were hearsay and not properly authenticated. Inadmissibility on those grounds is immaterial because those records were attached to Dr. Davis's declaration. *See* TEX. R. EVID. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of, reviewed, or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be submitted."); *see also Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163 (Tex. 2018) ("The same evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings."). Additionally, the record does not show an opportunity to cure those purported defects of form, which the rules of civil procedure require. *See, e.g.*, TEX. R. CIV. P. 166a(f); 193.7. Thus, the trial court abused its discretion to the extent it excluded the Pleasant Valley records.

Michal's death certificate. Though the Medical City records apparently contain unique details pertinent to the aspiration pneumonia diagnosis, the Pleasant Valley records and the death certificate, without more, provide a basis for Dr. Davis's conclusions regarding inadequate care and causation.[7] Thus, at the very least, the declaration is not conclusory. *See Acrey v. Kilgore & Kilgore, PLLC*, No. 05-15-01229-CV, 2017 WL 1173830 at *3 (Tex. App.—Dallas Mar. 30, 2017, no pet.) (mem. op.) (explaining that failure to attach records referenced in affidavit renders affidavit conclusory where those records "are what provides the affidavit with a factual basis"); *see also Huntress v. Hickory Trail Hosp., L.P.*, No. 05-19-00892-CV, 2020 WL 2781795, at *7 (Tex. App.—Dallas May 29, 2020, pet. denied) (mem. op.) (concluding affidavit in medical negligence case was not conclusory where relied-on medical records that should have been attached were otherwise part of summary judgment record); *Lopez v. Carrillo*, 940 S.W.2d 232, 235 (Tex. App.—San Antonio 1997, writ denied) (noting that hearsay statements in otherwise competent affidavit did not render affidavit conclusory). Accordingly, Ms. Michal's failure to attach every record Dr. Davis referred to was not a defect of substance, but instead a defect

---

[7] Though Ms. Michal contends on appeal that the Pleasant Valley records, alone, provided an adequate basis for causation, we disagree. Those records do not show Mr. Michal's cause of death or address his treatment and diagnoses after he left Pleasant Valley on June 18, 2018. Thus, those records provide no basis for a causal link between Nexion's alleged breach of the applicable standards of care and Mr. Michal's June 2018 hospital treatment and death.

of form, which required an opportunity to cure.[8] *See Hewitt*, 353 S.W.3d at 307–08; *Brown*, 145 S.W.3d at 753; *see also EOG Res., Inc. v. Wall*, 160 S.W.3d 130, 134 (Tex. App.—Tyler 2005, no pet.) (concluding trial court erred by not allowing appellant to supplement evidence to cure formal defects in earlier-submitted affidavits, where appellant moved for leave before summary judgment was entered).

Additionally, for the same reasons described above, the record shows that the death certificate and Dr. Davis's declaration, with any formal defects cured, would provide more than a scintilla of evidence of the applicable standards of care, breach of those standards, and a causal connection between the breach and Mr. Michal's injury or harm, precluding no-evidence summary judgment. Thus, the trial court's error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a) (error is reversible if it "probably caused the rendition of an improper judgment").

We conclude the trial court reversibly erred by improperly (1) declining to take judicial notice of Mr. Michal's death certificate and (2) denying Ms. Michal the opportunity to cure formal defects regarding the records referenced in Dr. Davis's declaration.

---

[8] Nexion contends Ms. Michal "failed to preserve error on the trial court's exclusion of the declaration" because she "neither requested the opportunity to cure this defect nor moved for a continuance," but instead "merely sought to add evidence to her reply" and "did not offer an amended affidavit or declaration that properly attached the records relied on." Ms. Michal's motion to late-file summary judgment evidence cited the portion of Rule 166a(f) regarding supplementation of affidavits and asked that the evidence in question be "attached." We conclude Ms. Michal preserved error regarding exclusion of the declaration for failure to attach the required documents. *See* TEX. R. APP. P. 33.1(a).

We reverse the trial court's judgment as to Ms. Michal's medical negligence claim, otherwise affirm the judgment, and remand this case to the trial court for further proceedings consistent with this opinion.


210693f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHEILA MICHAL, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF ROBERT MICHAL, Appellant

No. 05-21-00693-CV        V.

NEXION HEALTH AT GARLAND, INC. D/B/A PLEASANT VALLEY HEALTHCARE AND REHABILITATION CENTER AND NEXION HEALTH OF TEXAS, INC., Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-05250. Opinion delivered by Justice Carlyle. Justices Molberg and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **AFFIRM** the trial court's judgment as to appellant's corporate and gross negligence claims, **REVERSE** the judgment as to appellant's medical negligence claim, and **REMAND** this case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant SHEILA MICHAL, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF ROBERT MICHAL recover her costs of this appeal from appellees NEXION HEALTH AT GARLAND, INC. D/B/A PLEASANT VALLEY HEALTHCARE AND REHABILITATION CENTER AND NEXION HEALTH OF TEXAS, INC.

Judgment entered this 4th day of November, 2022.

–23–